[No. 11088.   Department Two.   October 10, 1913.]

ANTHONY CONNOR, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—CLAIMS—PRESENTATION—NECESSITY. A claim against a city of the first class for damages to property by reason of obstructing the street is a condition precedent to action against the city, and must state the residence of the claimant, under Rem. & Bal. Code, §§ 7995-7997, providing that claims for damages sounding in tort against any city of the first class must be filed in compliance with valid charter provisions, and must contain a statement of the actual residence of the claimant for six months immediately prior to the accrual of the claim, and Seattle charter, art. 4, § 29, providing that all claims for damages must be filed and must give the residence of the claimant for one year last past.

Appeal from a judgment of the superior court for King county, Myers, J., entered January 22, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*James E. Bradford* and *C. B. White*, for appellant.

*Wm. Martin* and *Hugh C. Todd*, for respondent.

[1]Reported in 135 Pac. 617.

ELLIS, J.—The plaintiff brought this action against the defendant, city of Seattle, to recover damages alleged to have been caused to a certain lot belonging to the plaintiff, located on the north side of Jackson street, between Tenth and Twelfth avenues, in that city. The facts, so far as material, are simple and undisputed.

In regrading and widening Jackson street, a bank was left by the city, at an insufficient angle to sustain itself, on the north side of Jackson street for a part of the distance between Tenth and Twelfth avenues, and in November, 1909, this bank slid out across the sidewalk to near the middle of the street, for a distance along the street of about 280 feet, and to a depth of 15 feet. The slide does not extend in front of the plaintiff's property, there being a building between the nearest extremity of the slide and the plaintiff's west line. The city has cleared the sidewalk several times, but the situation above described had existed almost continuously since the first slide in November, 1909, to the time of the trial in October, 1912. Traffic on Jackson street at this point is very considerable, and has to be carried on both ways on the south side of the street by reason of the slide.

The ground of damages laid in the complaint is that the residents of the city no longer pass up and down on the north side of Jackson street in the vicinity of this slide, and are diverted from the stores located in the plaintiff's premises. It is claimed that the plaintiff has suffered, and is suffering, special damage by a reduced value of his property, and on account of loss of rents by certain tenants moving out, and a reduction of rents as to others because of the negligence of the city in permitting the slide and allowing its continuance. The plaintiff introduced evidence tending to show reduced value of the property and reduced rentals resulting from the failure of the city to clear the sidewalk. He also offered in evidence the claim for damages filed with the city council, which was admitted over the defendant's objection that it was not properly verified and that it did not state the plaintiff's

residence for six months last past. At appropriate times, the defendant interposed a challenge to the legal sufficiency of the plaintiff's evidence, moved for a nonsuit, moved for a directed verdict and for judgment notwithstanding the verdict, all of which were denied. The trial resulted in a verdict for the plaintiff for $800, from a judgment upon which the defendant has appealed.

The appellant makes many assignments of error, but the view which we take of the case makes it unnecessary for us to pass upon any of them save one. It is urged that the claim presented to the city council was fatally defective in that it was not sworn to and in that it did not state the residence of the claimant by street and number at the date of the filing, nor his residence for six months immediately prior to the time the claim for damages accrued, as required by chapter 83 of the Laws of 1909, page 181 (Rem. & Bal. Code, §§ 7995, 7996, and 7997; P. C. 77. §§ 133, 135, 137). That act, by sections, reads as follows:

"Sec. 1. Whenever a claim for damages sounding in tort against any city of the first class shall be presented to and filed with the city clerk or other proper officer of such city, in compliance with valid charter provisions of such city, such claim must contain, in addition to the valid requirements of such city charter relating thereto, a statement of the actual residence of such claimant, by street and number, at the date of presenting and filing such claim; and also a statement of the actual residence of such claimant for six months immediately prior to the time such claim for damages accrued.

"Sec. 2. Nothing in this act shall be construed as in anywise modifying, limiting or repealing any valid provision of the charter of any such city relating to such claims for damages, but the provisions of this act shall be in addition to such charter provisions, and such claims for damages, in all other respects, shall conform to and comply with such charter provisions.

"Sec. 3. Compliance with the provisions of this act is hereby declared to be mandatory upon all such claimants presenting and filing any such claim for damages."

It is admitted that the claim actually presented contained no reference to the claimant's place of residence, either at the time of filing the claim or at the time when the claim for damages accrued. It is plain from a reading of this act that, if it was necessary to present any claim under the provisions of the charter of the city of Seattle in order to maintain such an action as this, then the claim presented was fatally defective. Section 1 of the Laws of 1909, p. 181, in express terms makes the act apply to every claim required to be filed by any valid charter provision of any city of the first class, and § 3 of the act expressly declares the provisions of the act mandatory. The language used is, in both particulars, too plain for construction. The charter of Seattle relating to claims for damages, section 29, of article 4, reads as follows:

"All claims for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such claim for damages accrued, and no ordinance shall be passed allowing any such claim or any part thereof, or appropriating money or other property to pay or satisfy the same or any part thereof, until such claim has first been referred to the proper department, nor until such department has made its report to the city council thereon, pursuant to such reference. All such claims for damages must accurately locate and describe the defect that caused the injury, accurately describe the injury, give the residence for one year last past of claimant, contain the items of damages claimed, and be sworn to by the claimant. No action shall be maintained against the city for any claim for damages until the same has been presented to the city council and sixty days have elapsed after such presentation."

In *Jurey v. Seattle*, 50 Wash. 272, 97 Pac. 107, this court held the filing of a claim in compliance with the above charter provision an indispensable prerequisite to the maintenance of any action for damages against the city. In *International Contract Co. v. Seattle*, 69 Wash. 390, 125 Pac. 152, Department One of this court adhered to the view expressed in the *Jurey* case, even holding that the filing of a claim in com-

pliance with the charter is necessary to the maintenance of an action for damages arising from breach of contract. On a rehearing of the last mentioned case, a majority of the court refused to modify the former opinion, using the following language:

"Notwithstanding the able argument made to sustain the proposition that the charter was intended to and does apply to actions of tort only, we think that it would be an unwarranted departure from accepted rules of construction to so hold. Actions for damages may arise *ex contractu* as well as *ex delicto*, and the phrase 'all claims for damages' is sufficiently comprehensive to include such claims, whatever their origin. There is a difference between an action on contract and a claim for damages arising out of a breach of contract. In the instant case, the suit is not upon contract, but is independent of it. The test is, whether the proof of the contract and a breach thereof would make out a *prima facie* case. If so, no claim need be filed. If proof of damages independent of the contract must be made, the case falls within the words of the charter, and must fail if the claim is not presented. Courts should not write exceptions into the statute law where the legislative body has not." *International Contract Co. v. Seattle,* 74 Wash. 662, 134 Pac. 502.

Following those decisions in the more recent case of *Casassa v. Seattle,* 75 Wash. 367, 134 Pac. 1080, we held the charter provision applicable to a claim for damages caused by the sliding of lots by reason of a defective plan employed by the city in the grading of a street. It is impossible to distinguish the foregoing cases from the case before us. The claim is obviously one for a tort, and under these decisions, falls squarely within the purview of the charter provision. The filing of the claim being required by the charter, the failure to state therein the place of residence of the claimant as required by the act of 1909 was a fatal defect.

The respondent earnestly insists that the reasons for the decisions in *Giuricevic v. Tacoma,* 57 Wash. 329, 106 Pac. 908, 28 L. R. A. (N. S.) 533, and *Wolpers v. Spokane,* 66 Wash. 633, 120 Pac. 113, holding that such charter pro-

visions were never intended to apply to claims for damages for personal injuries suffered by a servant of the city, apply with equal force to claims of the character here involved; but we think not. The claims in those cases rested upon the personal relation of master and servant, and the damages grew out of a violation of the duty owed by the city to its servant growing out of that relation. On the first hearing of the case of *International Contract Co. v. Seattle, supra,* we expressly refused to extend the exceptions made in the *Giuricevic* and *Wolpers* cases to claims such as here involved.

We find it unnecessary to pass upon the further claim of the appellant that the notice of claim was fatally defective for lack of proper verification, in that the impression of the seal of the notary was not affixed to his certificate. It is unnecessary for us here to decide whether the lack of the impression of the notary's seal could be supplied by testimony that it was omitted through mere inadvertence since, as we have seen, the claim was fatally defective in any event.

The judgment is reversed, and the cause is remanded with direction to dismiss.

CROW, C. J., MAIN, and MORRIS, JJ., concur.