[No. 16050.    Department One.    January 25, 1921.]

F. M. BARTON *et al.*, *Appellants*, v. THE CITY OF
SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS (566)—CLAIMS—SUFFICIENCY OF NO-
TICE—RESIDENCE OF CLAIMANT. A claim for personal injuries against
a city of the first class must give the address of the claimant for
the six months immediately prior to the time the right of action
accrued, as required by Rem. Code, §§ 7995 and 7997, and it is
not sufficient to give the address at the date of presenting the claim.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered April 19, 1919, upon
a trial to the court and jury, granting a nonsuit, in an
action for personal injuries. Affirmed.

*John F. Murphy*, for appellants.

*Walter F. Meier* and *Frank S. Griffith*, for respond-
ent.

BRIDGES, J.—Plaintiffs have appealed from the judg-
ment of the lower court dismissing their action against
the city of Seattle, wherein they sought to recover
damages because of personal injuries to the plaintiff
Martha J. Barton, received on April 8, 1919. The
only question involved here is the sufficiency of the
notice given by the appellants to the city of the injury
to Mrs. Barton. The case was dismissed because the
notice did not state the residence of the claimants or
either of them, for six months immediately prior to
the time the claim for damages accrued.

The charter of the city of Seattle provides that all
claims for damages against the city must be presented
to the city council and filed with the clerk within thirty
days after the time such claim for damages accrues,
and that no action shall be maintained against the city

[1]Reported in 194 Pac. 961.

for such damages until such claim or notice has been filed. Rem. Code, § 7995, provides that, whenever a claim for damages against any city of the first class shall be presented and filed,

"Such claim must contain, in addition to the valid requirements of such city charter relating thereto, a statement of the actual residence of such claimant, by street and number, at the date of presenting and filing such claim; and also a statement of the actual residence of such claimant for six months immediately prior to the time such claim for damages accrued."

Rem. Code, § 7997, is to the effect that "compliance with the provisions of this act is hereby declared to be mandatory upon all such claimants presenting and filing any such claim for damages." The notice given to the city gave the residence of Mrs. Barton at the time of the filing of the claim, but did not give her residence for the preceding six months.

This court has on many occasions had this statute before it, but only in one or two cases has the exact question here presented been involved. We have held that this statute should be liberally construed, and that a part of its purpose was to put the city in position to make investigations, and that when the notice is of such character as to accomplish these purposes it is sufficient. *Frasier v. Cowlitz County,* 67 Wash. 312, 121 Pac. 459; *Lindquist v. Seattle,* 67 Wash. 230, 121 Pac. 449, and cases there cited. We have also held that, where there has been a *bona fide* attempt to comply with the city ordinance or statute with reference to notice, and nothing therein is misleading, the notice will be held sufficient. *Lindquist v. Seattle, supra.*

In *Maggs v. Seattle,* 86 Wash. 427, 150 Pac. 612, the notice gave the claimant's residence at the date of the verification thereof, and for at least six months prior thereto, and we held that the notice was sufficient, al-

though it did not state the residence of the claimant at the date of presenting and filing the claim, because the presumption would be that the residence remained the same until the date of filing.

In the case of *Wagner v. Seattle,* 84 Wash. 275, 146 Pac. 621, Ann. Cas. 1916 E 720, we held that a claim which gave the residence of the injured person as number 218 of a certain street in the city of Seattle, was not defective because his actual residence was number 208 of the same street. We there said that there had been a *bona fide* effort to comply with the statute and that the city had not been misled.

In the case of *Collins v. Spokane,* 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840, we held that compliance with this statute is mandatory and a condition precedent to the bringing of the action, and that the giving of the notice in substantial compliance with the statute must be alleged.

In *Hammock v. Tacoma,* 40 Wash. 539, 82 Pac. 893, construing an ordinance requiring the claim for damages to give the place of the injury, we held that a notice describing the injury as having occurred on J street, between 41st street and 42nd street, is sufficient although the injury occurred between 41st street and 43rd street, there being no 42nd street intersection of J street. To the same effect see *Mulligan v. Seattle,* 42 Wash. 264, 84 Pac. 721; *Ellis v. Seattle,* 47 Wash. 578, 92 Pac. 431.

The only two cases out of this court which directly involve the question in this case are *Collins v. Spokane, supra,* and *Connor v. Seattle,* 76 Wash. 37, 135 Pac. 617.

In the *Collins* case the claim or notice presented to the city did not give the claimant's residence at any time. At the trial, he offered to prove that his place

of residence at the time of the injury and for a long
period prior thereto was known to the city officials,
and that the city had not been misled or injured. We
held that such offer should be rejected, saying:

"The statute makes no exception in such cases, and
there is nothing in the record to indicate that the ap-
pellant was misled by any act of the respondent (city).
He merely failed to comply with the statute, and must
bear the burden of his own inadvertence."

In the *Connor* case the claim and notice filed with
the city contained no reference to the claimant's place
of residence at the time of filing the claim, nor his
residence for six months immediately prior to the time
the claim for damages accrued. Touching this ques-
tion we said:

"It is plain from a reading of this act that, if it was
necessary to present any claim under the provisions
of the charter of the city of Seattle in order to main-
tain such an action as this, then the claim presented
was fatally defective."

We think the *Collins* and the *Connor* cases, *supra*,
are decisive of the question involved here and must
control the disposition of this case. Nor are the
*Connor* and *Collins* cases inconsistent with our rulings
in the other cases cited by us. The case of *Wagner v.
Seattle, supra,* was the one where the address was
given as at 218 of a certain street, when, as a matter
of fact, the proper address was 208. In that instance
it was manifest that there had been an honest attempt
to comply with the statute and that the mistake was
purely a clerical one and did not mislead. Such is
also true of *Maggs v. Seattle,* and *Hammock v. Ta-
coma, supra*. But here there was an entire failure
to give the claimant's residence for six months pre-
ceding the accrual of the right of action. There was
no attempt to comply with this part of the statute.

To hold that it was not necessary to comply with the six months' provision of the statute would require a holding that it is not necessary to comply with any provisions of the statute with reference to residence and, following this line of reasoning, we would soon entirely wipe out the statute. We have heretofore held that the provisions of the statute requiring the notice to give the residence, both at the time of filing the claim and for six months prior thereto, were rea-, sonable. *Collins v. Spokane, supra.* If the requirement is reasonable, then it must be complied with, because the statute commands that it be complied with. We cannot see our way clear to come to any conclusion other than that the judgment must be affirmed. It is so ordered.

PARKER, C. J., HOLCOMB, MACKINTOSH, and FULLERTON, JJ., concur.