[No. 24080.   Department Two.   January 5, 1933.]

S. E. Fix, *Respondent*, v. The City of Tacoma, *Appellant*.[1]

*W. W. Mount, John E. Gallagher,* and *Bartlett Rummel,* for appellant.

*Rickabaugh & McElroy,* for respondent.

Main, J.—The plaintiff brought this action to recover damages conceived to result from condemnation by the defendant of certain property in the town of Kapowsin, in Pierce county. The case was tried to the court, which, after hearing the evidence, made findings of fact and conclusions of law upon which was entered judgment in favor of plaintiff. Defendant appeals.

The assignments of error challenge the sufficiency of the complaint to state a cause of action and the sufficiency of the evidence to prove one, a demurrer to the complaint having been overruled and a challenge

[1]Reported in 17 P. (2d) 599.

to the evidence having been denied. The facts are undisputed.

The respondent was the owner of certain springs near the town of Kapowsin. In 1912, the county granted him a franchise to lay water mains in certain highways and streets in, and adjacent to, the town. Respondent laid mains under authority of his franchise and, for many years prior to 1928, had been supplying water to the inhabitants of the town.

In August of that year, the appellant instituted a condemnation suit to acquire "that portion of the town of Kapowsin lying between Griggs street and the shore of Lake Kapowsin." In April, 1930, the appellant became the owner of that portion of the town through the condemnation proceedings. The property so acquired consisted of some fifty different occupancies—residences and business houses—all of which respondent had been supplying with water. As a result of the city's condemnation of the property, and its subsequent acquisition of the title, all of these residences and business houses were vacated, and most of them demolished. It is for the loss of revenue in water rentals which he was receiving from the occupants of these properties that respondent seeks to hold the city in damages.

The sole question is whether such loss of customers and water rentals is a taking or damaging of property in contemplation of Art. I, § 16, of the constitution of the state of Washington, which, so far as pertinent, provides:

"No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner, . . ."

Unless respondent has been damaged in contemplation of this provision, his action is barred by reason

of his failure to file a claim in compliance with § 133 of the charter of the city of Tacoma, which provides that all actions, whether sounding in tort or arising in contract, shall be barred unless a claim be filed within sixty days from the date when the damages were claimed to have been sustained. *Kinkaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820; *Jorguson v. Seattle,* 80 Wash. 126, 141 Pac. 334; *Wong Kee Jun v. Seattle,* 143 Wash. 479, 255 Pac. 645, 52 A. L. R. 625. The rule established by these decisions is that, when the damage is within the contemplation of Art. I, § 16, of the state constitution, an action may be maintained without first filing a claim; but in case the damage is not within the contemplation of the constitutional provision, then the filing of a claim is a prerequisite to the maintenance of an action.

So we are concerned only with the character of the damages claimed to have been sustained by respondent. Is his loss a taking or damaging of property within the meaning of Art. I, § 16, *supra?*

The character of the taking or damaging that is contemplated by the constitutional provision, was first defined in *Smith v. St. Paul etc. R. Co.,* 39 Wash. 355, 81 Pac. 840, 70 L. R. A. 1018, 109 Am. St. 889. In that case, the court quotes with approval the following from *Aldrich v. Metropolitan etc. R. Co.,* 195 Ill. 456, 63 N. E. 155, 57 L. R. A. 237:

"In all cases, to warrant a recovery it must appear there has been some direct physical disturbance of a right either public or private, which the plaintiff enjoys in connection with his property and which gives to it an additional value, and that by reason of such disturbance he has sustained a special damage with respect to his property in excess of that sustained by the public generally."

This rule was approved in the recent case of *Brady v. Tacoma*, 145 Wash. 351, 259 Pac. 1089.

Now, in considering respondent's loss, it must be borne in mind that he still owns the water plant and mains, and has complete dominion over them. The city has not invaded or encroached upon his property in any way. Nor has it in any manner disturbed or interfered with his right, title or possession.

Respondent cites *Monongahela Navigation Co. v. United States*, 148 U. S. 312, as holding a franchise to be "property" under the fifth amendment of the Federal constitution. But in that case, there was a physical taking of the company's property, and the court held that, in ascertaining the value of the property taken, the right of the company to collect tolls in connection with its use, under a franchise granted by the state of Pennsylvania, was an element to be considered in determining the value of the property taken. The distinction between that case and this is shown by one sentence in the opinion:

"If a man's house must be taken, that must be paid for; and, if the property is held and improved under a franchise from the State, with power to take tolls, that franchise must be paid for, because it is a substantial element in the value of the property taken."

The respondent has lost customers, and thereby lost revenue because of the decrease in water rentals. But his loss is no different in kind from that sustained by the grocer, the butcher and baker who have lost the same customers and thereby suffered a loss of revenue. The loss of all is an incident to the lawful exercise of rights of ownership and dominion over its own property by the appellant. The respondent's franchise was not exclusive. He might have suffered the same loss had the county granted a similar franchise to another person. His customers in such case might have been

induced, by better service or lower rates, to leave him. Respondent's loss comes within the category of consequential damages which are not contemplated by Art. I, § 16, of the constitution of the state of Washington.

Reversed and remanded, with directions to dismiss the action.

TOLMAN, C. J., BEALS, and STEINERT, JJ., concur.