[No. 25134. Department Two. December 17, 1934.]

MARY A. ARMSTRONG, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

[1]Reported in 38 P. (2d) 377.

40

*A. C. Van Soelen* and *Jno. A. Homer,* for appellant.
*Rummens & Griffin,* for respondent.

BLAKE, J.—The plaintiff is the owner of lots 24 and 25, of Edgewater Addition to the city of Seattle. February 18, 1932, she filed a claim against the city for three thousand dollars, charging that, during the preceding six months, officers and agents of the city had damaged the lots in that amount by the removal of three thousand cubic yards of gravel. The claim not being allowed, this action was brought.

The complaint set up two causes of action. The first was for three thousand dollars, the alleged value of the gravel taken; the second was for five thousand dollars, the alleged damage to the lots caused by the excavation which resulted from the removal of the gravel. The city entered a general denial. Trial of the issues resulted in findings by the trial court to the effect that the city, through its agents and officers, entered upon the lots September 6, 1931, and removed, between that date and February 18, 1932, one thousand five hundred thirty-one cubic yards of gravel, of the reasonable value of $1,531. From judgment entered in that amount, the city appeals.

Section 29, article IV, of the charter of the city of Seattle, provides:

"All claims for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such claim for damages accrued . . ."

■ Under charter provisions of this character, claims'involving continuing damage, and sounding in tort, must be presented to the city as a prerequisite to the bringing of an action. *Connor v. Seattle,* 76 Wash. 37, 135 Pac. 617. The claim in such cases may include subsequent or anticipated damages which will necessarily result from a continuation of the wrong. *Hieber v. Spokane,* 73 Wash. 122, 131 Pac. 478. But prior damages can be recovered only for the thirty day period immediately preceding the date of filing the claim. *Jorguson v. Seattle,* 80 Wash. 126, 141 Pac. 334.

Appellant contends that, in the light of the rule just stated, respondent is not entitled to recover damages for any injuries sustained prior to January 18, 1932— the claim having been filed on February 18, 1932. If respondent's action sounds in tort, appellant's contention must be sustained. *Fix v. Tacoma,* 171 Wash. 196, 17 P. (2d) 599.

■ Respondent contends, and the trial court in substance held, that the action does not sound in tort, but that it is an action for compensation for property taken or damaged, in contemplation of article I, § 16, of the state constitution, which provides:

"No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner . . ."

If such be the nature of the action, then the filing of a claim is not a prerequisite to its maintenance. *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820; *Wong Kee Jun v. Seattle,* 143 Wash. 479, 255 Pac. 645, 52 A. L. R. 625. In the former case, the court said:

"We hold that the right to recover compensation for property taken by a city for a public use under § 16, art. 1, of the constitution, is not a claim 'sounding in tort,' within the meaning of the statute, Rem. & Bal. Code, § 7995 (P. C. 77 § 133), or a contract claim within the meaning of the charter of the city of Seattle as construed in *Postel v. Seattle, supra* [41 Wash. 432, 83 Pac. 1025]."

In such case, the limitation of the action is controlled by the general statute of limitations and not by the provision of the city charter relating to the filing of claims. *Aylmore v. Seattle,* 100 Wash. 515, 171 Pac. 659; 2 Lewis, Eminent Domain (3d ed.) § 968.

The question to be determined, then, is whether the invasion of respondent's property by appellant was tortious or a taking or damaging of property in contemplation of the constitutional provision above quoted. The answer is to be found in the city's power of eminent domain. Rem. Rev. Stat., § 9488, provides:

"Any incorporated city or town within the state be, and hereby is, authorized . . . to construct, condemn and purchase, purchase, acquire, add to, maintain and operate works, plants and facilities for the preparation and manufacture of all such stone or asphalt products or compositions or other materials which may be used in street construction or maintenance . . ."

Although this section does not expressly authorize condemnation of property for gravel pits, the city concedes that such power is included within the terms of the statute by necessary implication. And we think it is not susceptible of any other interpretation. 4 McQuillin, Municipal Corporations (2d ed.), §§ 1579, 1580; 1 Lewis, Eminent Domain (3d ed.), § 400. The latter author says:

"Under authority to take materials 'necessary for the prosecution of the improvements intended by this

act and to make all such canals,' etc., it was held that materials could be taken for repairs as well as for construction.''

The taking or damaging in the instant case is, therefore, under the rule of *Kincaid v. Seattle, supra,* deemed to have been done pursuant to the city's sovereign power. The taking or damaging not being tortious, it was not necessary for respondent to file a claim under § 29, article IV, of the city charter, as a prerequisite to the maintenance of her action for compensation.

The city seeks to evade the consequences of its responsibility under the rule of the *Kincaid* case because what was done was unauthorized, in view of §§ 27 and 28, article IV, and § 14, article VIII, of the city charter, and Rem. Rev. Stat., § 9000-22 [P. C. § 687e-10]. The references have to do with the method of procedure by which the city may lawfully incur and pay indebtedness. If what we have said does not sufficiently answer this contention, there is another principle which, at least by analogy, disposes of it.

It is admitted that the gravel taken by the city was used in the maintenance and repair of public streets and alleys. Where a municipality receives the benefit of labor and materials, it is bound to pay the reasonable value thereof, even though the contract under which they were obtained was void—provided, of course, that the municipality had the power to enter into a contract for such labor and materials. *Green v. Okanogan County,* 60 Wash. 309, 111 Pac. 226, 114 Pac. 457; *Mallory v. Olympia,* 83 Wash. 499, 145 Pac. 627. In the latter case, the court said:

"This court has endeavored to hold municipalities to the same standard of right and wrong that the law imposes upon individuals. . . . In *Green v. Oka-*

*nogan County,* 60 Wash. 309, 111 Pac. 226, . . . we said:

" 'This court has adopted the more equitable doctrine of allowing the parties, where the contract if entered into in conformity with the statutes would not have been unlawful, to retain from the moneys received by them a sum equivalent to the reasonable value of the property the county acquires and retains in virtue of the execution of the void contract. . . . So in this case, since the county has accepted and made use of the bridge, it is liable to the builders for its reasonable value.' "

The principle is equally applicable here, because the invasion of respondent's property was such as the city had the power to make.

The city further contends that it was not responsible for damages to the extent found by the trial court; that there were others removing gravel from the property during the same period. While there was testimony to that effect, we are impelled to say it is not persuasive, even in cold print. The trial judge, having the witnesses before him, ignored it. We are not disposed to disagree with his conclusion as to the extent of the physical damage inflicted by the city upon respondent's property.

The court allowed compensation on the basis of value of the gravel taken. Where an entire property is taken, the measure of compensation is its fair market value. But where there is a "damaging" of property, under the constitutional provision (Art. I, § 16), the measure of compensation is the difference between the fair market value of the property before and after it was damaged. *Kincaid v. Seattle,* 74 Wash. 617, 134 Pac. 504, 135 Pac. 820. The injury here was a damaging, in contemplation of the constitutional provision. The measure of recovery, therefore, is the difference between the market value of the property before and after it was damaged.

The judgment is reversed, and the cause remanded, with directions to determine the amount respondent is entitled to recover under the rule stated, and enter judgment accordingly.

BEALS, C. J., MITCHELL, HOLCOMB, and STEINERT. JJ., concur.

