In .the Matter of Acquiring Title by the CITY OF NEW YORK, Petitioner, to Certain Areas Bounded by Flushing, Carlton and Myrtle Avenues, and Navy and Prince Streets in the Borough of Brooklyn. (FORT GREENE HOUSES.)

Supreme Court, Special Term, Kings County, July 23, 1941.

*William C. Chanler, Corporation Counsel* [*John H. Finn, Herman Meltzer* and *Daniel M. Cohen, Assistants Corporation Counsel,* of counsel], for the petitioner.

*Cullen & Dykman,* for the Brooklyn Union Gas Company.

*Beardsley & Taylor,* for the Brooklyn Edison Co., Inc.

*Charles T. Russell,* for the New York Telephone Company.

LOCKWOOD, J. This proceeding involves the acquisition of real property required for a low-cost housing project in the Navy Yard section of Brooklyn, to be known as Fort Greene Houses.

On April 15, 1941, this court signed a first, separate and partial final decree, and on May 29, 1941, signed a second, separate and partial final decree disposing of all claims for damage except those of the New York Telephone Company, the Brooklyn Union Gas Company, and the Brooklyn Edison Co., Inc., which are now considered.

The amounts claimed for alleged damage are:

| | |
|---|---|
| New York Telephone Company | $14,027 17 |
| Brooklyn Union Gas Company | 42,053 82 |
| Brooklyn Edison Co., Inc | 361,905 00 |
| Total | $417,985 99 |

These utility companies, under franchise, sell to the public telephone services, gas and electricity. In the course of their business they install and maintain within the city streets various types of equipment in the form of cables, conduits, mains and poles. For such use of the city streets they pay no rent or land taxes.

In the present proceeding, as a result of the city's acquisition of all the private property abutting portions of various streets, these thoroughfares may no longer be required for highway purposes, and if they are closed and discontinued it may be necessary to remove from the old street areas certain telephone, gas and electrical equipment and to relocate part of it in other nearby streets. For the alleged acquisition of this property, or for the damage thereto, the utility companies here seek awards.

Claimants contend that their franchises and equipment constitute real property, for the taking of which they are entitled to compensation in this condemnation proceeding.

The city maintains that the franchises and equipment are not real but personal property; that the city is only authorized to acquire real property and, therefore, no compensation may be allowed for the utility companies' personalty. In addition, the city argues that even if claimants' property is realty, it has not been taken because it is not included within the property described in the petition or in the order of condemnation; therefore, no damages may be awarded by this court.

After considering the record herein and the briefs submitted by both sides, the court has concluded that the utility company claimants are not entitled to damages in this proceeding. In none of the many condemnation proceedings tried by this court has any similar claim ever been advanced by the utility companies and in no case that they cite have they been held entitled to damages in condemnation for their franchises or the equipment they maintain in New York city streets. In fact, they fail to show that they ever paid the city, either by way of benefit assessment or otherwise, for any real estate interest in streets which the city acquires in trust for the public.

The condemnation court is one of limited jurisdiction and is powerless to award damages for property not described in the resolution authorizing the proceeding or in the petition and order of condemnation. (*Matter of Culver Contracting Corp.* v. *Humphrey,* 268 N. Y. 26; *Matter of Willcox* [*Fourth Ave. Subway*], 213 id. 218.)

The resolution of the board of estimate adopted October 31, 1940, and the petition and order of condemnation provide for the acquisition of title in fee to real property described therein as Parcels A, B, C, D and E, subject, however, to all public easements in the

streets, avenues and public places included within the described premises.

This is sufficient to indicate that the present legal status of the street areas is to remain undisturbed and that there is no intention to acquire in this proceeding the interest, if any, of the utility companies, within the street areas.

Furthermore, paragraph (f) of subdivision 4 of section 125 of the Public Housing Law provides as follows: " If any of the property included within the project is devoted to a public use, it may nevertheless be acquired provided that no property belonging to the municipality or to any government may be acquired without its consent, and *no property belonging to a public utility corporation may be acquired without the approval of the commission or other officer or tribunal having regulatory power over such corporation.*" (Italics supplied.)

In the present proceeding the city and the housing authority neither sought nor obtained approval from the Public Service Commission to condemn the property of the utility company claimants.

An examination of the record here shows that the property of the utility companies is not described or designated in any of the jurisdictional papers and the absence of approval by the Public Service Commission is a further indication that such property was not included or taken.

The utility companies' claims are, therefore, dismissed and the corporation counsel is directed to prepare a last, separate and partial final decree accordingly.