**(May 24, 1943.)**

In the Matter of THE CITY OF NEW YORK, Acting on Behalf of the New York City Housing Authority, Respondent, Relative to Acquiring Title to Lands Situated in the Area Bounded by Prince and Other Streets in the Borough of Brooklyn, Pursuant to a Plan Determined upon by said New York City Housing Authority (Fort Greene Houses). BROOKLYN UNION GAS COMPANY, Appellant.

Carswell, Johnston, Adel and Lewis, JJ., concur; Hagarty, J., dissents and votes to reverse the decree insofar as appealed from, to sustain appellant's objections to the second partial and separate tentative decree, and to direct a hearing of the claim and an award for such damages as appellant may have sustained, with opinion.

HAGARTY, J. (dissenting). I dissent and vote to reverse the decree insofar as appealed from, to sustain the objections of appellant to the second partial and separate tentative decree, to direct a hearing of the claim, and to award such damages as may have been sustained by appellant.

By this condemnation proceeding, the fee to the beds of certain streets was taken by the City of New York for the purposes of the New York City Housing Authority, "Subject, however, to all public easements in said streets, avenues and public places." By virtue of undisputed franchises, pursuant to which equipment was placed in these streets, claimant had a compensable interest in the real property so taken.

The prime question presented is whether the term "public easements" as here used comprehends the property of the claimant in the streets. I do not think that it does. The utility easement was private property and incident to the claimant's franchises, which are taxable, inheritable, alienable, subject to levy and sale under execution, to condemnation under the exercise of eminent domain, and invested generally with the attributes of property. (*People* v. *O'Brien*, 111 N. Y. 1, 41.) It is real property which cannot be taken without compensation. (*People ex rel. Postal Tel.-Cable Co.* v. *Bd. Tax Comrs.*, 181 App. Div. 777, 781.) My opinion is that the utility easement constitutes an added burden on the fee, analogous to that of the use of a street for railroad purposes. (*Craig* v. *Rochester City & Brighton R. R. Co.*, 39 N. Y. 404, 407; *Bradley* v. *Degnon Contracting Co.*, 224 N. Y. 60, 68, 69.) That was the holding as to gas pipes in *Matter of Bloomfield Gas-light Co.* v. *Calkins* (62 N. Y. 386), and a suggested distinction there made between a country highway and a city street seems to have been disapproved in *Osborne* v. *Auburn Telephone Co.* (189 N. Y. 393, 397, 398). In any case, when the easement is established and property rights of claimant brought into being, they exist independently of the public usage and are not public easements. A public easement is one that runs in favor of the public generally. The easement of the utility, although devoted to a public use, is essentially private property. It seems clear to me that, for the purpose of condemnation, the utility easement is part of the "real property" and is independent of the "street." (Administrative Code of the City of New York, §§ B15-1.0, E15-1.0; L. 1937, ch. 929.)

The nature of the easement as private property sharply distinguishes this case from the authority of *New Eng. Tel. Co.* v. *Boston Terminal Co.* (182 Mass. 397), where it was held that under the law of the Commonwealth of Massachusetts a utility was given no more than a revocable license to use the street. The distinction has been observed in *New York Telephone Co.* v. *State of New York* (169 App. Div. 310, affd. 218 N. Y. 738). In taking the fee subject only to public easements, the private easement of the claimant was included in the taking. (*Jackson* v. *State of New York*, 213 N. Y. 34, 36.)

So long as respondent urges the validity of the condemnation decree it is estopped from invoking subdivision 4 (f) of section 125 of the Public Housing Law by claiming that it failed to obtain the approval of the Public Service Commission. If notice to the Commission is an essential, it should be given in accordance with section B15-32.0 of the Administrative Code. If a claim be advanced that the failure to apply to the Public Service Commission is evidence of an intention on the part of the city not to condemn the utility easement, it is more than counterbalanced by the clear and undisputed proof that the affected streets were to be discontinued and, in fact, have been obliterated by buildings permanently erected on and over them.

The decree, insofar as appealed from, should be reversed, the objections of claimant to the second partial and separate tentative decree should be sustained, a hearing of the claim should be directed and an award made for such damages as appellant may have sustained by the taking.