C. G. LONG and Minnie B. Long, Plaintiffs in Error,

v.

STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Defendant in Error.

No. 36147.

Supreme Court of Oklahoma.

May 3, 1955.

Rehearing Denied June 14, 1955.

R. Place Montgomery, Hobart, for plaintiffs in error.

Finis O. Stewart, Oklahoma City, of counsel for defendant in error.

HALLEY, Justice.

For convenience, the plaintiffs in error will be referred to as the Longs or defendants and the defendant in error as the State or plaintiff.

The State was constructing a State Highway in Kiowa County and needed for a part of the highway, a strip of land approximately 1.43 acres in area off the east side of a quarter section of land owned by the defendants. It also needed the temporary right to borrow dirt, rock, sand, gravel or any other road building material from a tract of land in this same quarter section which abutted upon the highway. Proper proceedings were commenced to take the property needed. From the report of the Commissioners, both the State and defendants demanded a jury trial. A jury trial was had and the defendants, Longs, have appealed from the judgment for $775, based upon the jury verdict.

The defendants' position can be best shown by quoting from their brief as follows:

"* * * But, it is defendant's contention that the court committed reversible error in excluding evidence as to the amount and the value of gravel and building material taken from plaintiff's land and used on the road, and in refusing to instruct the jury it could consider such evidence as an element in arriving at market value."

The record in this case does not justify such an argument by the defendants. The

defendant, C. G. Long, at no time testified, nor did anyone else, that this land from which the material was taken, was valuable as a gravel pit. C. G. Long testified it was plow land. Defendants seek to charge the State over $1,800 for the material taken off the land.

The defendants rely on the case of Board of County Commissioners of Roosevelt County v. Good, 44 N.M. 495, 105 P.2d 470. That case is different from the case at bar for the reason that there was an element, caliche, that was being taken for road purposes that had a value as mineral for cattle feed. Such condition does not exist here. No evidence was offered that any of the material taken from defendants' land had any commercial value. The State was simply acquiring a "borrow pit" to be used in the construction of this highway and when that was completed it was through with that land and the defendants continued to be the owners.

The rule has long been established in this State where part of a tract of land is taken by eminent domain, the owner is entitled to receive the difference between the value of the tract before the part is taken and the value of the tract after the part is taken. State ex rel. State Highway Commission v. Anderson, 203 Okl. 683, 226 P.2d 398. The question of the assessment of the damage by the taking of material from land, as here, does not seem to have been passed upon by this Court. We think the preferable rule is that laid down in the Washington case of Armstrong v. City of Seattle, 180 Wash. 39, 38 P.2d 377, 379, 97 A.L.R. 826, where it is said:

"* * * Where an entire property is taken, the measure of compensation is its fair market value. But where there is a 'damaging' of property, under the constitutional provision (art. 1, § 16), the measure of compensation is the difference between the fair market value of the property before and after it was damaged. Kincaid v. City of Seattle, 74 Wash. 617, 134 P. 504, 135 P. 820. The injury here was a damaging, in contemplation of the constitutional provision. The measure of re-covery, therefore, is the difference between the market value of the property before and after it was damaged."

This was an action in damages to recover for the unlawful taking and damaging of real estate so the same rule would apply in a condemnation proceeding in the exercise of the right of eminent domain.

Although the instructions given in this case are not perfect, still they show the jury very clearly that the compensation to which the defendants are entitled is the difference in the value of the tract of land before the State took 1.45 acres and took the temporary right and exercised it to borrow dirt, rock, sand, gravel or any other road building material from 1.9 acres, and what it was worth after the land and material was taken. In light of the evidence, the verdict was reasonable.

Judgment affirmed.

WILLIAMS, V. C. J., and CORN DAVISON, BLACKBIRD and JACKSON, JJ., concur.

ARNOLD, J., dissents.