STATE of Oklahoma ex rel. DEPARTMENT
OF HIGHWAYS of the State of
Oklahoma, Plaintiff In Error,

v.

J. P. LEVICK and Ivie C. Levick, husband
and wife, Defendants in Error.

No. 39084.

Supreme Court of Oklahoma.

Sept. 26, 1961.

Court Pappe, Jr., Oklahoma City, W. A. Bolding, Hobart, for plaintiff in error.

Max Carder, Hobart, for defendants in error.

JOHNSON, Justice.

This is a condemnation action brought by the Highway Department to condemn 7.14 acres of land belonging to the defendants for road purposes and to obtain a temporary grant of 5.51 acres of land for the borrowing of road material.

The land in question was a part of defendants' farm located in Kiowa County, Oklahoma. Upon filing of the action, commissioners were appointed who assessed the defendants' loss at $1,710. Defendants filed a demand for jury trial, and this resulted in a verdict for $4,566.04. After overruling of the motion for new trial, the state appeals. The parties will be referred to under their trial court designations.

Three grounds for reversal are urged. We do not deem it necessary to consider any objection except the third one. This objection raises the correctness of the admission of evidence. The particular evidence to which objection is made concerns only the tract upon which an easement was sought to use it as a "borrow pit" and covered an area of slightly more than five acres. The record shows that the highest value placed upon the best land owned by defendants was $300 per acre. Only an easement was sought on this "borrow pit" tract. The

**142**

defendant was permitted to testify over objection and exception by plaintiff concerning the land upon which the easement was sought, the evidence having already shown a hole thereon four feet deep, as follows:

"Q. What, in your opinion, is necessary to restore this land to its original use? A. To fill up the hole.

"Q. Do you have any idea what it would cost to fill that hole? A. Yes, sir, I do.

"Mr. Pappe: I object as incompetent, irrelevant and immaterial. I think he is trying to come in at the back door.

"The Court: I will let him answer the question.

"Mr. Pappe: Exceptions.

"Q. That is to restore this to its original usefulness, that has to be filled? A. Yes, sir.

"Q. What would it cost to fill it? A. The only estimate I have had on it is $7,000.00.

"Q. To restore that land to its original usefulness it is going to take $7,-000.00 to put it back? A. Yes, sir."

■■ This evidence was wholly irrelevant and prejudicial. The cost of the replacement of the dirt and gravel is not the measure of damages, and such evidence should not have been permitted. The measure of damages in such a case is fixed by the opinion of this court in Long v. State, Okl., 285 P.2d 198, 199, where the syllabus by the court reads:

"In a condemnation proceeding under the exercise of the right of eminent domain where the temporary right to borrow dirt, rock, sand, gravel or any other road building material is sought by the State of Oklahoma for the construction of a State Highway, the compensation to which the landowner is entitled is the difference between the fair cash market value of the whole tract of land immediately before the temporary right is exercised and its value after this right is exercised."

In that case the court excluded evidence of the value of the sand and gravel removed, and the landowner appealed. It was held that such evidence was properly excluded. By a parity of reasoning, the cost of replacing the sand and gravel should have been excluded. The admission of this evidence was highly improper and prejudicial.

Reversed and remanded for new trial.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, IRWIN and BERRY, JJ., concur in result.

WELCH and JACKSON, JJ., concur.