OVERTON, BEN F., Associate Judge.
This is an appeal from an order dismissing with prejudice the amended answer of the appellant, Tampa Suburban Utilities Corporation, who was an intervening defendant in a condemnation proceeding. The appellee, Hillsborough County Aviation Authority, was the petitioner below and sought to condemn certain specified lots in Bar-Jay Estates, acquiring fee simple title thereto for the purpose of a “runway clear zone” as part of Tampa International Airport in the City of Tampa, -Florida.
The appellant seeks compensation for gravity sewer mains and water mains, together with connecting pipes, joints and similar items located in utility easements contained in Bar-Jay Estates Subdivisions. In addition, the appellant utility seeks compensation for the deprivation by the appel-lee of a substantial number of customers serviced by said utility.
The appellant originally was not made a defendant in the proceedings below, and filed a petition for intervention, which petition for intervention was granted by the lower court. The appellant thereupon filed an answer, and the appellee and petitioner below filed a motion to dismiss same. The lower court dismissed the answer- with leave to amend. Upon the amended answer being filed the petitioner below filed a motion to dismiss, which motion was granted with prejudice, the court finding in its order that the amended answer failed to state a claim in said condemnation proceedings.
The rules of procedure do not allow a motion to dismiss an answer for failure to state a claim even in the circumstances of a condemnation proceeding where the defendant is the party making the claim. The proper procedure in this cause should have been for the petitioner to seek a denial of the petition for intervention or after the answer was filed, to attack same through a motion to strike or a motion for judgment on the pleadings. We will treat the order of the lower court as an order striking the answer and dismissing the appellant as a party defendant in this cause.
Intervention in condemnation proceedings at the time of this action was provided for in Section 73.05, Florida Statutes 1963, F.S.A., which reads as follows:
“Any person not expressly made a party, interested in or having a lien upon the property described in the petition, may become a party, as of course, before the return day or afterward by leave of court, by filing his petition of intervention in the cause setting forth his interest under oath.” (Emphasis supplied)
In order for a person to intervene in a condemnation action the interest of the intervenor in the property described in the petition must be of such direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment of compensation for the specific property named in the petition. Lee County v. Charlotte County, Fla.App.1965, 174 So.2d 108. The purpose of an eminent domain proceeding is to determine the value of the specific property taken and the damage to the remainder, irrespective of its ownership. Any question concerning interest in the property, includ *570 ing liens thereon, is determined by the court in the same action after the jury has rendered a verdict for the value of the property as a whole. Cravero v. Florida State Turnpike Authority, Fla.1956, 91 So.2d 312; Porter v. Columbia County, Fla.1954, 75 So.2d 699. The statute authorizing interventions was not intended to allow parties to intervene who had no interest in the specific property sought to be condemned, but had other property rights adversely affected by the proposed improvement. Their rights should be determined in another proceeding.
The record reflects that the properties which are the subject of this condemnation proceeding total fifteen specified lots or parts of lots. The resolution attached to the petition shows authority to take numerous other lots, in this subdivision, together with other properties, but the petition and resolution are silent as to any alleged utility easements. Further, the record fails to reflect where any such utility easements are with relation to the specific properties that are the subject of this condemnation proceeding.
The amended answer does assert that the defendant “claims a right, title or interest not listed in the Petition in and to the land sought to be condemned, as well as a right, title, and interest in all of the land contained within the area known as Bar-Jay Estates Subdivision, Units 1 and 2, by virtue of certain utility easements contained therein * * but later the claimed interest and compensation sought by the appellant-defendant appear to be solely for its utility lines located in easements not identified with particular properties taken, together with compensation for the deprivation of a substantial number of customers serviced by said utility. Neither of these items would be compensable in determining the value of the specific properties taken in these proceedings.
It may be conceivable that the appellant, Tampa Suburban Utilities Corporation, is affected by the result of the taking, or its easements unrelated to the particular properties herein involved may have been taken,, but this is not the proper proceeding in which to have the issue tried.
It should be noted that § 73.05 Florida Statutes, 1963, F.S.A., was amended in 1965 and the amended statute is § 73.051, Florida Statutes, 1965, F.S.A. Said new statutory-provision is effective for all condemnation proceedings filed after October 1, 1965. The new statute, although not applicable to-this case, would still require an interest in the specific property taken for a party to-appear as a defendant in the cause.
 Because of our procedural ruling-herein, we are not undertaking to pass upon the compensability of the items herein involved, but we do mention that the compensation of utility companies for loss of their utility lines is an involved issue which cannot be answered without a detailed showing of the type of franchise involved. Then, if the specific franchise agreement is compensable, a finding must be made as to-the type of easements or license granted the-utility and the conditions applicable thereto,, together with the location and type of utilities or lines situate therein. The franchise cases in eminent domain are far from clear-cut, and this is particularly so in those cases where the franchise may be impaired in value or partially*taken, but not entirely taken. As a general rule the taking of property and razing of buildings which causes a utility to lose most of its customers is a business loss, and as such, constitutes consequential-damages which are not compensable. United States v. Brooklyn Union Gas Co., 2 Cir. 1948, 168 F.2d 391; Southern Counties Gas Co. of California v. United States, 157 F.Supp. 934, 141 Ct.Cl. 28; Kellettville Gas Co. v. United States, D.C., W.D.Pa., 56 F.Supp. 919; Deepe v. United States, 103 Colo. 294, 86 P.2d 242; Fix v. City of Tacoma, 171 Wash. 196, 17 P.2d 599; In re Fort Greene Blouses, Borough of Brooklyn, 177 Misc. 101, 29 N.Y.S.2d 980, affirmed 266 App.Div. 795, 41 N.Y.S.2d 859; Id., 291 N.Y. 788, 53 N.E.2d 367. In Florida *571 injury to a business is not an appropriation of property for which compensation must be made unless the business damage is within the scope of F.S. § 73.071(3) (b), F.S.A., formerly F.S. § 73.10(4), F.S.A.; State Road Department v. Bramlett, Fla.1966, 189 So.2d 481.
In accordance with the views expressed in this opinion, the order of the trial court, being considered as an order striking the amended answer of the appellant and dismissing the appellant as a party defendant in said cause, is affirmed. The portion of the order dismissing the claim of the appellant with prejudice is reversed and the appellant may proceed as it may deem meet and proper in the circumstances.
LILES, Acting C. J., and HOBSON, J., concur.