SPECTOR, Judge.
The relator seeks a writ of prohibition to restrain the respondent from exercising jurisdiction in an action for business damages alleged to have been sustained by one J. W. Walker of Levy County, Florida, as a result of the condemnation of land leased by him.
Mr. Walker was not made a party defendant in the principal action which has been completed. His landlord, the owner of the fee, was made a party and has been compensated for the taking. During the pendency of the trial of the condemnation action, Walker sought to intervene for the purpose of having his business damages adjudicated as permitted by Section 73.071(3) (b), Florida Statutes, F.S.A., but the trial court denied the motion without prejudice to Walker’s right to present his business damage claim resulting from the taking of the fee by a separate suit in inverse condemnation. Said order was entered prior to the rendition of the judgment in the State’s action against the fee.
The basis for the State’s contention that the lower court has no jurisdiction to adjudicate Mr. Walker’s business damages is that following the lower court’s order referred to above, Walker did not initiate his claim until more than ten days had lapsed since the rendition of the final judgment in the condemnation action against the fee; and, therefore, the lower court has no further jurisdiction, and its present efforts to allow the trial of Walker’s claim is without jurisdiction. Presumably, much of the relator’s apprehension about the respondent’s jurisdiction to adjudicate Mr. Walker’s claim arises from the fact that Mr. Walker put into issue his alleged damages by way of a pleading entitled “Motion to Intervene”, and the same was so styled and numbered as to have been made a part of the lower court’s file *506 in the principal condemnation action by which the fee was taken. Undoubtedly, much of the confusion caused by Mr. Walker’s inartful method of proceeding could have been avoided had his claim been prosecuted by way of an independent complaint for inverse condemnation in the manner originally suggested by the trial court. Notwithstanding the said claimant’s failure to assert his claim in a more orthodox manner, it is plain to us, as revealed by the herein respondent’s lengthy order reviewing the history of this case in the circuit court, that Mr. Walker’s pleading denominated as a “Motion to Intervene” has been regarded by the lower court as a pleading in the nature of a complaint for inverse condemnation and that the same seeks an adjudication of Mr. Walker’s alleged business damages as is permitted by Section 73.071((3) (b), Florida Statutes, F.S.A. See Tampa Suburban Utilities Corporation v. Hillsborough County Aviation Authority, 195 So.2d 568 (Fla.App.1967).
Accordingly, we hold that the respondent herein is not without jurisdiction to hear Mr. Walker’s claim as contended by the relator; and, therefore, the relator’s petition is denied.
While we deny the petition, we think that the proceeding below can progress in a more orderly manner if the trial judge, respondent herein, enters an order by which the labels on the pleadings before him are amended so as to reflect that the mis-nomered motion, based upon which Mr. Walker’s claim for damages will be hereafter considered, is a complaint for inverse condemnation for business damages separate and apart from the issues in the earlier adjudication of damages arising from the taking of the fee title to the property of which Mr. Walker claims to be a lessee.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.