CASTRO CONVERTIBLE
CORPORATION,
Plaintiff-Appellant,

v.

Julie Ann CASTRO, Defendant-Appellee.

No. 78–2677.

United States Court of Appeals,
Fifth Circuit.

Aug. 9, 1979.

Edward Bennett Williams, Robert L. Weinberg, John K. Villa, Washington, D. C., Steadman S. Stahl, Jr., Hollywood, Fla., Bruce R. Genderson, Washington, D. C., for plaintiff-appellant.

DiGiulian, Spellacy & Bernstein, Bruno DiGiulian, John B. DiChiara, Fort Lauderdale, Fla., for defendant-appellee.

ON PETITION FOR REHEARING

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

GODBOLD, Circuit Judge:

Castro Convertible's motion for rehearing raises two arguments. First, that we erred in allowing the Florida trial court's denial of intervention to have res judicata effect in the federal courts because as a matter of Florida law a denial of a motion to intervene can never have the effect of an adjudication on the merits. Castro Convertible cites no Florida cases disputing the specific proposition of law on which our opinion rests—that all issues fully adjudicated by a state court in denying a

motion to intervene are res judicata. Moreover, Florida courts appear to accept the more general proposition that the dispositive issue for res judicata purposes is whether there has been an adjudication of the substance of the claim, not the form of the order issued. *See Cabinet Craft v. A. G. Spanos Enterprises,* 348 So.2d 920, 922 (Fla.App.1977).[1]

■ Second, Castro Convertible contends that the state trial court did not rule on the merits of its claim that it had a contract right to direct the distribution of the proceeds of the insurance policy. As stated in our initial opinion, Castro Convertible moved to intervene asserting a "direct interest" under Florida law based on its alleged contract right in the subject matter of the suit, the insurance proceeds. The claim of a contract right to the subject matter in litigation is an assertion of a direct interest under Florida law. *See Miracle House Corp. v. Haige,* 96 So.2d 417 (Fla.1957).[2] The district court specifically held Castro Convertible had no direct interest in the subject matter of the litigation before it. This holding necessarily entailed a rejection of Castro Convertible's claim of a contract right in the insurance proceeds.

If Castro Convertible had identified some other cause of action based on an indirect interest in the subject matter of the state proceedings, then the denial of intervention would not have barred a subsequent suit based on this legal theory.

The petition for rehearing is DENIED.

---

1. The cases cited in the rehearing petition, *State Dept. of Transportation v. Crews,* 227 So.2d 505 (Fla.App.1969); *Tampa Suburban Utilities Corp. v. Hillsborough County Aviation Authority,* 195 So.2d 568 (Fla.App.), *cert. denied,* 201 So.2d 898 (Fla.1967); *Wogisch v. Tiger,* 193 So.2d 187 (Fla.App.1966), if relevant at all, only support the principle that a denial of a motion to intervene does not necessarily require an adjudication on the merits and do not hold that denial of intervention can never have res judicata effect.

2. Refusal to allow intervention where such a contract claim is well-founded is error. *Id.*