(173 App. Div. 113)

STURTEVANT v. FISS, DOERR & CARROLL HORSE CO.

(Supreme Court, Appellate Division, First Department.    June 2, 1916.)

1. CONTRACTS ☞346(12)—SERVICES—RECOVERY ON QUANTUM MERUIT.
   In an action to recover the value of services rendered under a contract to act as defendant's purchasing agent for $25 a week, which was a reasonable value, plaintiff, who rendered the services and had not been paid, might recover, if not the $25 a week, then upon a quantum meruit.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1748; Dec. Dig. ☞346(12).]

2. WORK AND LABOR ☞27(3)—ACTION—EVIDENCE.
   In such action, the exclusion of testimony offered by the plaintiff as to the nature, extent, and value of the services rendered by him was error.
   [Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 52; Dec. Dig. ☞27(3).]

3. EVIDENCE ☞271(13)—ADMISSIBILITY—SELF-SERVING DECLARATIONS.
   In such action, declarations by an officer of the defendant company, in the absence of plaintiff and adverse to his claim, made to others of the company's officers and employés, were self-serving declarations, not binding upon the plaintiff, and not admissible to explain a letter written at such officer's direction and introduced by plaintiff to support his claim, or for any other purpose.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1087; Dec. Dig. ☞271(13).]

Appeal from Trial Term, New York County.

Action by Edgar F. Sturtevant against the Fiss, Doerr & Carroll Horse Company.    From a judgment entered on a verdict, and from an order denying a motion for a new trial, plaintiff appeals.    Judgment and order reversed, and new trial ordered.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

George H. Fletcher, of New York City, for appellant.
Frederick L. C. Keating, of New York City, for respondent.

McLAUGHLIN, J.    Action to recover the value of services rendered.    The complaint alleges, in substance, that between July 1, 1910, and January 1, 1913, the plaintiff, at the request of the defendant, acted as its purchasing agent in buying hay, oats, and straw; that for

the services thus rendered defendant promised to pay him $25 a week, which was their reasonable value, no part of which has been paid. The judgment demanded is for that sum, with interest. The answer was a general denial.

At the trial the testimony on the part of both plaintiff and defendant was to the effect that plaintiff, during the time alleged, did make large purchases for the defendant, for which he has not been paid. The plaintiff testified that he entered the employ of the defendant on July 1, 1910, at the request of one Carroll, who at the time was its treasurer and general manager; that no arrangement was made between him and Carroll as to the compensation to be paid plaintiff, but subsequently, and about January 1, 1911, it was agreed between them that he should have five cents "a hundred" for purchasing hay, corn, bran, straw, etc., and a cent a bushel for oats; that in the summer of 1912 this agreement was superseded by another fixing his compensation, from the time he commenced to render service, at the rate of $25 a week. The testimony offered by the defendant was to the effct that, while plaintiff purchased hay and feed for it, he was at all times acting independently as a hay and grain broker, and was to obtain his compensation in the form of commissions from the seller. The plaintiff denied this. The defendant had a verdict, and from the judgment entered thereon, dismissing complaint, plaintiff appeals.

[1] I am of the opinion the judgment should be reversed. The fact that the plaintiff rendered the services claimed was not disputed; nor was there any testimony offered to the effect that he had ever been paid by the defendant or any one else. Upon the undisputed testimony, therefore, he was entitled to recover, if not the $25 a week claimed, then the value of the services rendered by him. Under the instructions of the trial court, however, the jury was prevented from rendering a verdict in his favor for the value of such services. The instructions were:

"The plaintiff is entitled, if at all, to $25 a week, and if he is not entitled to $25 a week under the specially arranged agreement, he is not entitled to anything, no matter what the nature of the services was which he rendered. * * * A man who has rendered services to another, without any special agreement relating to the value of those services, may come into court and sue for the value of those services, and then it lies with the jury * * * to determine what would be a reasonable and just compensation to him therefor; but when a man comes into court and says that he was employed to render services at a specified sum, there is a limited, defined question whether he was employed or not at that sum. If he was not employed at that sum, he is not entitled to recover anything."

This instruction was given at the opening of the charge, and subsequently reiterated. Proper exceptions were duly taken to the charge as made, and the court requested to instruct the jury that under the issues raised by the pleadings the plaintiff could recover upon a quantum meruit. The request was refused, and exception taken. The instruction given was erroneous. The court also erred in denying the request. The law is well settled that, where an action is brought upon a special contract of employment, a recovery may be had upon a quantum meruit when the special promise is not established, but the evidence does, in fact, show the rendition of services under circum-

stances which imply an agreement to pay therefor. Sussdorff v. Schmidt, 55 N. Y. 319; Baumann v. Manhattan Consumers' Brewing Co., 97 App. Div. 470, 89 N. Y. Supp. 1088; Rubin v. Cohen, 129 App. Div. 395, 113 N. Y. Supp. 843; Clapp v. Schaus, 156 App. Div. 681, 141 N. Y. Supp. 451.

[2, 3] The court also erred in excluding testimony offered by the plaintiff as to the nature, extent and value of the services rendered by him. Shirk v. Brookfield, 77 App. Div. 295, 79 N. Y. Supp. 225. Carroll, defendant's treasurer and general manager, died prior to the trial, and defendant produced witnesses who were permitted to testify to conversations in which he is alleged to have made statements, in the absence of the plaintiff, adverse to his claim. Objection was made to the admission of such testimony, which was overruled, and exception taken. This testimony ought not to have been admitted. Declarations made by Carroll, an officer of defendant, to others of its officers and employés, are obviously self-serving. They were not binding upon the plaintiff, and were not admissible either, as defendant asserts, to explain a letter written at Carroll's direction and introduced by plaintiff to support his claim, or for any other purpose.

It follows that for the errors in the charge and refusal to charge, as well as in the exclusion and admission of evidence, the judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.