(May 17, 1919.)

WILBUR J. TATE, Respondent, v. LOUISE JOHNSON, as Treasurer of Boise City, Idaho, Appellant.

[181 Pac. 523.]

MUNICIPAL CORPORATIONS—POWERS OF—RATIFICATION—PRIVATE DETECTIVE.

1. C. L., sec. 148:60 (Sess. Laws 1913, chap. 74, sec. 27), is not inconsistent or in conflict with any of the provisions of C L., chap. 162 (Sess. Laws 1911, chap. 82), generally known as the Black Law, and therefore applies to and governs cities of the first class operating under the Black Law.

2. The mayor of a city governed by the Black Law has no power to engage the services of private detectives for the purpose of aiding in discovering and prosecuting alleged violations of the ordinances of the city, in the absence of authority granted by the city council.

3. Under the provisions of C. L., sec 148:60 (Sess. Laws 1913, chap. 74, sec. 27), the action of the council of Boise City ratifying, or attempting to ratify, the act of the mayor in engaging the services of private detectives, and ordering the payment of claims for such services, is void.

4. A city cannot be held liable under an implied contract for services, where power to make an express contract therefor is wanting.

[As to detectives—Private detectives as public officers, see note in Ann. Cas. 1917A, 584.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. P. McCarthy, Judge.

Action to enjoin payment of claims against the city. Permanent restraining order issued. *Affirmed.*

J. P. Pope, Chas. F. Reddoch and H. S. Kessler, for Appellant.

The municipality of Boise City can employ detectives to investigate violations of city ordinances, and to secure evidence of such violations. This is held to be within the power of municipalities everywhere.

It is also established beyond any question that, at common law, a city council could ratify the acts of a mayor in employing detectives, even though the mayor had no specific authority to employ them in the first instance. (*Moore v. Hupp,* 17 Ida. 232, 105 Pac. 209; *O'Dell v. Scranton,* 126 Mo. App. 19, 103 S. W. 570; *Abels v. Ingham County Supervisors,* 42 Mich 526, 4 N. W. 206.)

Perky & Brinck, for Respondent.

Without express grant of power a city has no power to employ private detectives for the purpose of discovering violations of its own ordinances, but must work out such discoveries through its regular police force established under statutory provisions. A city has no power whatever, unless expressly granted it, to employ such detectives for unearthing violations of state laws. (*Flannagan v. Buxton,* 145 Wis. 81, 129 N. W. 642, 32 L. R. A., N. S., 391; *O'Dell v. Scranton,* 126 Mo. App. 19, 103 S. W. 570, 576; 34 Cyc. 1734; 28 Cyc. 641 (j), 1536 (iv), and cases cited; *Crofut v. Danbury,* 65 Conn. 294, 32 Atl. 365.)

RICE, J.—This action was brought by one Joseph Sullivan to enjoin the city treasurer of Boise City from paying certain warrants issued by the city clerk in accordance with the order of the city council. In the trial court, judgment was entered enjoining the payment of the warrants. The appeal is from the judgment. After the appeal was perfected Sullivan died,

and upon motion Wilbur J. Tate was substituted as respondent.

The warrants were issued to reimburse one J. R. Compton, a private citizen, for payments made by him of salaries and expenses of certain detectives whom he employed under an arrangement with the mayor of the city, without the consent or concurrence of the city council, for the purpose of disclosing violations of the ordinances of the said city.

After the presentation of the claims for the payment of which the warrants were issued, the council passed a resolution in terms ratifying the act of the mayor in authorizing the employment of the detectives in the manner above mentioned.

It is admitted that Boise City is a municipal corporation, organized under C. L., chap. 162 (Sess. Laws 1911, chap. 82), known as the Commission Government Act, or the Black Law; also that the city derives its powers and authority from that act and the general laws of the state of Idaho relating to cities and villages, including C. L., chap. 148 (Sess. Laws 1913, chap. 74), which is the act providing for the organization, government and powers of cities of the first class, where the same is not in conflict or inconsistent with the provisions of the Black Law.

C. L., sec. 148:60 (Sess. Laws 1913, chap. 74, sec. 27), is as follows:

"The city council of such city shall never allow, make valid or in any manner recognize any demand against the city, which was not at the time of its creation a valid claim against the same; nor shall it authorize to be paid any demand which without such action would be invalid, or which shall then be barred by any statute of limitation, or for which the city was never liable; and any such action shall be void."

It is claimed by appellant that the provisions of the said section are inconsistent with the provisions of the Black Law. C. L., sec. 162:46 (sec. 11 of the Black Law), contains the following:

"The council shall have and possess, and the mayor and council and its members shall exercise all executive, legislative

and judicial power and duties now had, possessed and exercised by the mayor, city council, board of public works, board of library trustees and other executive and administrative officers in cities, except as hereinafter provided: . . . .

"The council shall, by resolution, determine the powers and duties to be performed by each member thereof, and assign them to the appropriate department; shall, by resolution, prescribe the powers and duties of all officers and employees; . . . . and may make such other rules and regulations, or change such rules and regulations, as may be necessary or proper for the efficient and economical conduct of the business of the city . . . . "

However, C. L., sec. 162:9 (sec. 3 of the Black Law), has the following provision:

"It· [the city] shall have and exercise all powers, functions, rights and privileges, now or hereafter given or granted it, and shall be subject to all the duties, obligations, liabilities and limitations now or hereafter imposed upon such municipal corporations by the constitution and laws of the state of Idaho, and shall have and exercise all other powers, functions, rights and privileges usually exercised by, or which are incidental to, or inherent in, such municipal incorporations of like character and degree."

We do not think that the clause in sec. 162:46, authorizing the city council to prescribe by resolution the powers and duties of all officers and employees of the city, can be construed as an authorization to enlarge or extend the powers of the city council, or any member thereof, or any officer of the city, beyond the limits set by the statutes of the state. If there were any doubt as to this point, it is set at rest by C. L., sec. 162:9, which provides that cities organized under the Black Law shall be subject to all the duties, obligations, liabilities and limitations now or hereafter imposed upon such municipal corporations by the constitution and laws of the state of Idaho.

C. L., sec. 148:60 (Sess. Laws 1913, chap. 74, sec. 27), was effective as a limitation upon the powers of the council of

Boise City at the time the resolution attempting to ratify the action of the mayor was passed.

It is claimed by appellant that this section is nothing more than codification of the common law; that at common law a city council could not ratify any demand which was void, or *ultra vires,* or authorize the payment of any such invalid demand or any demand barred by the statute of limitations, or any fraudulent or illegal demands. The language of the section, however, is plain. It prohibits the recognition of any demand against the city which was not, at the time of its creation, a valid, i. e., an enforceable, claim against the city.

In this case the action of the city council, assuming to ratify the action of the mayor, is therefore without effect, and the question presented is whether the claim against the city was a valid one without reference to any assumed ratification by the city council.

It is suggested by counsel for respondent that the city had no authority to employ private detectives to ascertain whether or not the ordinances of the city were being violated, and that any attempt to enter into a contract for such employment is *ultra vires* and void. The cases of *Flannagan v. Buxton,* 145 Wis. 81, 129 N. W. 642, 32 L. R. A., N. S., 391, and *Crofut v. City of Danbury,* 65 Conn. 294, 32 Atl. 365, are cited as authority. Counsel for appellant cite in opposition the cases of *Moore v. Hupp,* 17 Ida. 232, 105 Pac. 209; *O'Dell v. Scranton,* 126 Mo. App. 19, 103 S. W. 570; *Abels v. Ingham Supervisors,* 42 Mich. 526, 4 N. W. 206. Reference may also be made to the case of *Sargent v. Inhabitants of Bristol,* 2 Hask. 112, 21 Fed. Cas. 498.

We do not consider any of these cases decisive of the question. The case of *Moore v. Hupp, supra,* appears to have been decided upon the theory that the employment was of special police officers of the city of Moscow. In the case at bar, according to the pleadings, the claims were for payment of services as detectives and spies. A detective may be, but is not necessarily, a police officer. We do not find it necessary, however, to decide whether or not employment of

private detectives by a city is *ultra vires*. We realize that the question may become, at times, one of great importance.

It is clear, however, that if it be conceded that the employment of private detectives is within the power of the municipality, such employment, to be valid, would require legislative action on the part of the city council. Provision is made in the statutes of this state, covering the organization of municipalities, for the apprehension of offenders against the law and for their prosecution and punishment. No provision of our statute has been pointed out, and we know of none, by which it may be claimed that the mayor has authority, express or implied, in the absence of legislative action by the city council, to employ private detectives to act in addition to the regular police force of the city. His action cannot be said to be the action of the city, because he is acting without the scope of his authority as mayor; neither could the city be held liable under an implied contract for payment of services rendered under such circumstances, for the reason that liability for services cannot be implied in a case where no power exists to make an express contract therefor. It would require the action of the council to accept such services so as to make the city liable to pay the value thereof, and until so accepted the services must be held to have been purely voluntary. But as we have seen, the city is prohibited from accepting such services after the same have been rendered so as to make itself liable therefor.

The judgment is affirmed. Costs awarded to respondent.

Morgan, C. J., concurs.

Budge, J., sat at the hearing but took no part in the opinion.