(No. 6444.    October 28, 1937.)

ELSA L. MAGOON, Administratrix of the Estate of MARSHALL MAGOON, Deceased, Appellant, v. BOARD OF COUNTY COMMISSIONERS, VALLEY COUNTY, IDAHO, Respondent.

[73 Pac. (2d) 80.]

F. M. Kerby, for Appellant.

Fred M. Taylor, for Respondent.

HOLDEN, J.—In May, 1935, the sheriff of Valley county traded a county Chevrolet sedan in on a Nash demonstrator owned by Marshall Magoon, an automobile dealer, then doing business under the firm name and style of "Cascade Service Station." The contract price of the Nash car was $1185, from which certain credits were deducted, leaving a balance of $600. June 8, 1935, Magoon presented a duly verified claim for such balance to the board of county commissioners of Valley county, which claim was disallowed. July 6, 1935, Magoon filed with, and presented to, the board another claim

320

which was also disallowed. From the order of the board .disallowing the second claim, Magoon appealed to the district court for Valley county. Before the matter was tried in the district court Magoon died and his widow, Elsa L. Magoon, as administratrix of his estate, was substituted as party appellant.

Upon the hearing of the matter in the district court, it was stipulated by the parties, among other things, that the sheriff submitted to the budget officer of Valley county an estimate of expenses for the fiscal year 1935, under two classifications, first, salaries and wages, and, second, "other probable expenses"; that the second classification showed the probable expenditures as follows: For operation of car, $1,000; supplies, $100; communication expenses, $200; traveling expenses, $500; printing and advertising, $100; transportation of persons, $200; car and team hire, $200; new car, $600; furniture and fixtures, $100 (making a total of $3,000); that thereafter the board of county commissioners adopted a county budget for the fiscal year 1935, in which it budgeted for the sheriff's office for salaries and wages, $2,830, and for "other probable expenses" for operating the sheriff's office, the sum of $3,000; that about May 25, 1935, the sheriff purchased from Magoon a Nash car for $1185, less a credit of $450 for a 1933 Chevrolet owned by Valley county, and a further credit of $135 because the Nash car so purchased had been used as a demonstrator, leaving a balance of $600 to be paid in cash; that June 8, 1935, Magoon presented to the board a duly verified claim for $600 which was disallowed; that immediately upon disallowance of the claim Magoon was called before the board and advised the county was not intending to purchase the Nash car and was instructed to return the Chevrolet belonging to the county; that claimant returned the Chevrolet to Valley county some time during June, 1935; that July 6, 1935, claimant presented to the board another claim for $1047.95, as follows: One Nash sedan $1185, less driving allowance of $139, plus an item of supplies for the sheriff's car of $1.95; that July 8, 1935, the board disallowed that claim; that the Chevrolet was carried on the property statement of Valley county at a valuation of $298; that the Nash car was deliv-

ered to the sheriff and has been used since by him in the performance of his duties; that the sheriff purchased the car without the knowledge or consent of the board; that at the time of the purchase of the Nash car there was an unexpended balance of the funds budgeted for the sheriff's officer under the item "other probable expenses" of approximately $2,250; that at the end of the fiscal year 1935 there was an unexpended balance of $1336.38 in that fund; that prior to the purchase of the Nash car the county had furnished the sheriff with four other cars, purchased by the board; that at the time of the purchase of the Nash car three of those cars had been disposed of and the aforesaid Chevrolet was the only county car available for use by the sheriff's office.

This matter was heard by the lower court, sitting without a jury. Upon the conclusion of the hearing the court made and filed findings of fact and conclusions of law, and entered judgment affirming the order of the board of county commissioners disallowing the second claim, from which judgment the administratrix appeals.

Appellant contents "that the budget law places no restrictions upon the contracting power of the officer (sheriff), except the limitation placed by the approved budget," and that the sheriff, therefore, had a right to purchase the Nash car, and, in support of her contention, cites and relies upon the case of *Shillingford v. Benewah County,* 48 Ida. 447, 282 Pac. 865.

That was an action brought by Shillingford against Benewah county and its sheriff to recover a balance of $546.61 on a running account for gasoline and oil furnished to the sheriff, and repairs to, and labor on, the sheriff's official car for the months of May, June, July, and August, 1928, claims for which were filed with, and presented to, the board, the final claim being filed September 8, 1928, and indorsed: "Sept. 10, 1928. Examined and allowed in the sum of $77.31. Balance to settle account in full to June 1, 1928, and rejected as to $469.30."

The clerk of the board prepared and entered an order on the minutes of the meeting of September 10, 1928, reading as follows:

322

"Approval in part and rejection of claims. At this time the Board had up for consideration the claim of the Shillingford Motor Company for car repairs, car hire, gas and etc., furnished the Sheriff's office in the sum of $546.61, up to and including September 1, 1928, of which sum the Board rejected as not being a legal claim against the public funds of Benewah County, in accordance with the Budget Law passed by the Legislature, 1927, in the sum of $469.30, but approved $77.31 being in settlement of account of June 1, 1928, issuing Warrant No. 1032 for such sum."

Upon the trial of the Shillingford case it was admitted that the budget for the fiscal year, in providing for the operating expenses of the sheriff's office, allowed the sum of $1200 for "car expense," and the record showed that when the last item of Shillingford's account was furnished there was $851.04 in the sheriff's car expense fund and the same amount when the board disallowed his claim, and that after deducting other claims allowed, there still remained $619.77 in such fund.

Evidently for the purpose of supporting its contention that the Shillingford claim was not a valid claim against the county, the county offered to prove that an order had been made but not entered upon the minutes of the board, requiring the several county officers to expend monthly only a proportional part of the various budget appropriations and that the sheriff had been notified orally of such order, and, while the offer of such proof was denied by the trial court, and the denial upheld in this court upon appeal, the offer, nevertheless, serves to show the theory upon which the board of county commissioners of Benewah county disallowed the Shillingford claim, and in respect to that, this court said:

"Apparently, the county commissioners, in acting on plaintiff's claim, went upon the theory that only one-twelfth of the budget appropriation for the fiscal year might be contracted for by the sheriff in any one month; that when his expenditures contracted on account of 'car expense' exceeded $100 in any month, they were not authorized to allow claims contracted in such month in excess of said sum."

From which it is clear that the record in the Shillingford case presented but one question: Was the Shillingford claim

against Benewah county invalid because the sheriff exceeded one-twelfth of the total amount budgeted for the fiscal year for ''car expense''? And this court merely held that even though the sheriff exceeded one-twelfth of the total amount budgeted for that year for ''car expense,'' that would not, and did not, operate to invalidate the claim.

The Shillingford case did not present the question as to the right of a sheriff to purchase personal property, for instance, an automobile, as does the record in the case at bar. As was said by this court in *Garrity v. Board of County Commrs.*, 54 Ida. 342, 352, 34 Pac. (2d) 949, ''the sole purpose of that County Budget Law is to provide such a 'system of county finances' that the business of the several counties shall be conducted on a *balanced budget,* and on sound business principles, and as far as practicable, on the same basis that a successful private business is conducted.''

Hence, in the enactment of the County Budget Law the legislature was not in any way concerned with legislation having to do with the matter of giving authority to purchase personal property for the use of a county, and for that reason, and for the further reason that that authority had already been given by other legislation in no way connected with the County Budget Law, to which we will presently refer, the legislature could not have intended to give any such authority to a county officer by making provision for the adoption of a county budget having for its purpose the matter of fixing the amount which could be expended in any fiscal year for the operation of a county office, and limiting the operating expenses to the amount so fixed.

Our attention has not been called to any statute, and we are confident none can be found, which either expressly or impliedly vests any county officer with authority to purchase personal property necessary for the use of a county, or with executive authority to manage and direct the government of a county. That authority is expressly vested in the respective boards of county commissioners of the state by section 30–734, I. C. A. In constituting the board of county commissioners the chief executive authority of the county government, the legislature vested the board with power to purchase personal property necessary for the use of

a county and with the power to manage and control that property (sec. 30–707, I. C. A.). The legislature further conferred upon boards the power to sell county property no longer needed by a county or necessary for its use, whether acquired by purchase or otherwise (sec. 30–708, I. C. A.). The sheriff of Valley county had no authority whatever to purchase the Nash automobile upon which the Magoon claim against that county was based.

The judgment must be affirmed and it is so ordered, with costs to respondent.

Ailshie, Budge and Givens, JJ., concur.

Morgan, C. J., deeming himself to be disqualified, did not participate in the decision.