[Civ. No. 6541.   Third Dist.—April 14, 1941.]

H. S. CROCKER COMPANY, INC. (a Corporation), Respondent, v. THE COUNTY OF LAKE et al., Appellants.

Burt W. Busch for Appellants.

Jesse H. Steinhart, J. J. Goldberg, Erland O. Erickson and Ralph V. Devoto for Respondent.

TUTTLE, J.—This is an appeal from a judgment entered in favor of respondent in a mandamus proceeding.

H. S. Crocker Company, Inc., respondent, recovered a judgment in the amount of $3,427.33, against the County of Lake, and commenced this mandamus proceeding to compel payment of such judgment. A judgment and peremptory writ of mandate, filed July 30, 1940, ordered and directed that the Board of Supervisors of the County of Lake, the Treasurer of the County of Lake, and the Auditor of the County of Lake, pay to respondent the amount of said judgment mentioned above.

Respondent's cause of action arose out of a contract entered into between respondent and the County of Lake. The date of the contract, the circumstances existing at the time of the execution thereof, and the subsequent proceedings of the parties are stated as follows:

(1) December 31, 1929, respondent, Crocker Company, Inc., was awarded a furniture contract by the County of Lake in the amount of $7,429.84. There was ample money in "Capital Outlay Courthouse Fund", of the County Budget, from which this charge was to be paid, *to meet all obligations which had then been incurred against that fund.*

(2) This contract was fully performed, and on *April 19, 1930,* respondent was paid $5,572.40, on account. This left a balance of $1857.46.

(3) Subsequent to December 31, 1929, and prior to respondent's presentation on June 11, 1930, of its claim for the balance of $1857.46, the "Capital Outlay Courthouse Fund" was exhausted, except for the sum of $7.94. Between December 31, 1929, and June 11, 1930, respondent was paid from this same fund the sum of $1664.22, in addition to the $5,572.40 paid to it on the furniture contract. The sum of $1664.22 was paid to respondent in satisfaction of other independent claims.

(4) On June 11, 1930, respondent presented its claim for the balance of $1857.46, due on the furniture contract, to the Board of Supervisors of Lake County. This claim was disallowed by the Board of Supervisors, upon the ground that the "Capital Outlay Courthouse Fund" was at that time exhausted by payments on other obligations which were in excess of the budget appropriations for the fiscal year, which ended *June 30, 1930.*

(5) Respondent commenced suit against said county after disallowance of its claim for $1857.46, and on the assumption that the claim was not a liability against the county, except for the $7.94 remaining in the fund, under the provisions of section 3714, subdivision 5 of the Political Code, the claim was disallowed to the extent of $1849.52. Respondent appealed from that judgment, and on appeal the County of Lake contended:

(a) That under the provisions of section 3714, subdivision 5, of Political Code, the respondent's claim is not a valid liability against the county, except for $7.94, even though the obligation for the payment to respondent of $7,429.84 for the furniture was lawfully incurred by the county when there were ample funds in the treasury with which to meet the claim.

(b) That because respondent was paid from the fund ten other claims aggregating $1664.22 which were incurred after the awarding of the furniture contract, it may not complain of the lack of money with which to meet its original contract.

This court reversed the judgment rendered in favor of the County of Lake, and the opinion of the court is reported in 4 Cal. App. (2d) 29 [40 Pac. (2d) 931]. In concluding that respondent, Crocker Company, Inc., was entitled to judgment for the unpaid balance of its claim in the sum of $1857.46, the court stated at page 31, as follows:

"The plaintiff's claim in the sum of $1857.46 was legally incurred and is a valid obligation against the County of Lake for which sum it is entitled to judgment notwithstanding the fact that the funds from which it was payable were practically exhausted at the time the claim was presented for payment." (Citing authorities.)

In answer to the contention that Crocker Company, Inc., could not complain of the lack of funds with which to meet the original contract, in that Crocker Company, Inc., had been paid $1664.22 on other claims which were incurred subsequent to the awarding of the furniture contract, the court said at page 32:

"The exhausting of a fund after a valid obligation has been incurred by the subsequent misappropriation of the money, regardless of the persons to whom it is paid, may not defeat the claimant's right to a judgment based on a previous valid

claim even though the misappropriation may prevent the satisfaction of the judgment."

Section 3714, subdivision 5, of the Political Code, at the time of the awarding of the furniture contract, and at the time of suit upon the rejected claim, read as follows:

"Expenditures made, liabilities incurred, or warrants issued in excess of the budget appropriations . . . shall not be a liability of the county. . . . The county board of supervisors shall approve no claim, and the county auditor shall issue no warrant for any expenditure in excess of said budget appropriations, . . . except upon an order of a court of competent jurisdiction, or for an emergency, as hereinafter provided."

In construing the foregoing provision of the Political Code, the court, at page 33, said:

"This amendment of the Political Code may not be construed so as to defeat vested rights which have accrued by virtue of obligations incurred by the terms of previous valid contracts. . . . The language heretofore quoted from section 3714 of the Political Code shall be construed to mean that 'liabilities incurred . . . in excess of . . . the budget appropriations' are invalid. This is exactly what article XI, section 18, of the Constitution of California declares by providing that 'no county . . . shall incur any indebedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year.' . . . The code provision relied upon by the respondent, in so far as it enlarges upon constitutional inhibition above referred to, applies merely to the payment of money or the drawing of warrants, and not to the validity of claims which were previously legally incurred, or to the establishing of legal liability for lawfully incurred obligations by the recovery of a judgment therefor. . . . The question as to whether the law furnishes some means of satisfying such a judgment after it has been recovered, is not before us in this case. We are not called upon to determine that problem. . . . The judgment is reversed, and the trial court is directed to render judgment for the plaintiff in the sum of $1857.46, together with seven per cent interest thereon from June 11, 1930, at which time the claim was presented for payment."

Subsequent to the close of the fiscal year in question, which ended *June 30, 1930,* there was then, and admittedly there is

now in the treasury of the County of Lake, sufficient money collected from taxes assessed and levied to provide income for such fiscal year to pay respondent's claim and the present judgment against the county.

There being sufficient funds in the treasury of the County of Lake, which funds represent delinquent taxes assessed and levied for the fiscal year in question, our duty at this time is to determine the propriety of the order of the superior court which directed that respondent's judgment be paid and satisfied from such funds.

The former opinion of this court, cited above, determines that respondent's claim for the balance due on the furniture contract was based on a valid obligation against the County of Lake, and also concludes that the exhausting of the fund subsequent to the incurring of the obligation, even though respondent received some of the moneys which exhausted such fund, did not constitute a bar to respondent's right to a judgment based on the previous valid furniture contract. The former judgment is *res adjudicata* as to both of these issues.

It further appears that under the provisions of section 3714 of the Political Code, the superior court did have power to order payment of the judgment in question out of the funds now in the treasury of the County of Lake. That section of the Political Code, subdivision 5, reads in part as follows:

"Expenditures made, liabilities incurred, or warrants issued in excess of any of the budget appropriations . . . shall not be a liability of the county. . . . The county board of supervisors shall approve no claim, and the county auditor shall issue no warrant for any expenditure in excess of said budget appropriations, . . . *except upon an order of a court of competent jurisdiction, or for an emergency, as hereinafter provided.*"

The exception provides in effect that the board of supervisors may approve a claim, and that the county auditor may issue a warrant in excess of the budget appropriation *upon an order of a court of competent jurisdiction, or for an emergency.*

Respondent cites two cases in support of the power of a superior court to order payment of a judgment under circumstances such as exist in the present case. Both of these

cases, by virtue of the language of the opinions, uphold the propriety of the orders, basing the power of the court to act on the exception to subdivision 5, of section 3714, *supra*. In the case of *Niceley* v. *County of Madera*, 111 Cal. App. 731 [296 Pac. 306], a sheriff incurred expenses in excess of the amount allowed to that office by the county budget for the fiscal year. A claim for the items in excess of the budget provision was filed with the board of supervisors and disallowed, on the ground that the expenditures were unnecessary, and also on the further ground that the fund allowed for the sheriff had been exhausted. The trial court found the expenses proper and necessary, and further found that the expenses constituted a legal charge against the County of Madera, and awarded judgment, as prayed for. This judgment was affirmed on appeal, and in so doing, Justice Plummer, in construing subdivision 5 of section 3714, stated, at page 735 of the opinion, as follows:

" . . . it is important to observe that subdivision 5 of section 3714, *supra*, does not make final the budget as adopted by the board of supervisors, nor does it make final the sum or allowance made or allotted to any particular official. The question is left open for a determination by the court as to whether any other items of expenditure shall be determined to be a claim against the county, *and whether the county shall be held liable therefor*." (Italics ours.) "This plainly appears from the words specifying that no payment shall be made 'except upon an order of a court of competent jurisdiction'. And this provision follows that portion of the section relating to expenditures outside of, and in excess of the budget allowance."

This rule in the Niceley case has been reiterated by this court in *Barry* v. *County of Glenn*, 42 Cal. App. (2d) 76 [108 Pac. (2d) 81].

The construction of subdivision 5 of section 3714, *supra*, by the court in the two cases cited above, compels the conclusion that the Superior Court of Lake County did have the power to make the order in question, and there being sufficient funds on hand representing money collected from taxes assessed and levied for the fiscal year in question, the County of Lake was properly ordered to pay its obligation.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.