204 P.2d 259

**IVERSON et al. v. CANYON COUNTY et al.**

**CASTER v. IVERSON et al.**

**No. 7484.**

Supreme Court of Idaho.

March 11, 1949.

V. K. Jeppesen and Creed W. Mullins, both of Nampa, for appellant.

Caldwell & Alexanderson, of Caldwell, for respondent Iverson.

Smith & Ewing, of Caldwell, for respondents Hummel, Hummel & Jones.

Wm. F. Gigray, Jr., of Caldwell, for respondent H. J. McNeel, Inc.

Earl E. Reed, of Nampa, for respondents Canyon County et al.

**HOLDEN, Chief Justice.**

This suit was brought under the provisions of our Declaratory Judgment Act, chap. 70, 1933 Sess.Laws, p. 113, for a declaratory judgment on the validity of the proceedings had by the board of county commissioners of Canyon county for the construction of a new jail building at Caldwell, the county seat of that county. The suit was commenced by Henry Iverson et al. against Canyon county, and the then members of the board of county commissioners, as well as against the auditor and treasurer of said county. After the commencement of the suit, W. A. Caster filed a complaint in intervention challenging the validity of such proceedings. Later, the pleadings were settled and the controversy submitted to the court on a stipulation of facts entered into by all the parties. July 26, 1948, the court made and filed findings of fact and conclusions of law against the complainant in intervention and on the same day entered judgment thereon. August 2, 1948, complainant in intervention appealed.

The facts are, and the court found, in substance:

That at an election held June 13, 1944, the board of county commissioners was authorized to levy a tax not exceeding two mills on assessed valuation of taxable property in that county to secure funds for the purpose of building a jail for Canyon county; that September 11, 1944, the board levied a tax of a half mill and as a result of such levy collected the sum of $37,265.20; that there was accumulated in the current expense fund of Canyon county, unused, unexpended and unencumbered, during the years 1944 and 1945, the sum of $63,000, and for the years 1946 and 1947 there was accumulated in said fund the sum of $132,130.36; that January 12, 1948, the said sum of $63,000 and the said sum of $132,130.36, were transferred by the board from the current expense warrant redemption fund to the current expense fund; that on the second Monday of January, 1948, the board met for the purpose of considering the proposed budget for that year; that at such

meeting the consideration of the tentative or proposed budget was continued and taken under advisement until January 19, 1948, at which time the proposed budget was approved and an order made and notice given the board would meet on the second Monday of February, 1948, at two o'clock p. m., for the further consideration of such budget, when and where any taxpayer might appear and be heard on any part of the proposed budget; that at such meeting held January 19, 1948, as aforesaid, an order was made that notice of the hearing of said temporary budget be given and published in the official county paper; that pursuant to such order the temporary budget, in due and proper form, was published as provided by law; that said temporary budget carried an item entitled "General Fund" which said fund, pursuant to sec. 30-1204, I.C.A., was shown under two classifications designated under said section as "Salaries and Wages" and "Other Expenses"; that there was listed under the item "Other Expenses" and budgeted thereunder the sum of $195,050, which said item contemplated the construction of the new building, to-wit, the county jail, and capital outlay for the furniture and fixtures therein; that said temporary budget also carried an item entitled "Jail Building Fund", $37,-265.20; that in the breakdown and itemization of said "General Fund", department of the current expense fund, shown in the county auditor's office, filed under "Department Budget Requirements, Actual and Estimated Expenditures Tentative Budget" for the fiscal year 1948 for Canyon county, there was listed the specific items composing said classifications above mentioned as "Salaries and Wages" and "Other Expenses", the general classification listed as "Other Expenses" being shown in said breakdown as classification "B" and including, among other items, the following specific items included in the tentative budget for 1948, to-wit: "Public buildings, $160,-000.00, Capital Outlay, including Furniture and Fixtures, $15,000.00"; that on February 9, 1948, that being the second Monday, the temporary budget came on for hearing; that no objection was filed thereto and thereupon the board proceeded to the hearing of such budget, and it appearing to the board that said tentative budget had been duly advertised in the official newspaper of the county, as required by law and the order of the board, and that no complaint or protest had been made, thereupon unanimously adopted a resolution approving and making the said temporary budget permanent; no appeal was taken from the decision of the board making said tentative budget permanent and no protest was made thereto, and the said budget thereupon became permanent and final; that the said budget for the year 1948 was properly prepared, advertised and duly adopted and no appeal was taken from the action of the board in any of the proceedings; that August 8, 1947, the board employed Hummel, Hummel & Jones, architects, to prepare and submit plans and specifications for a new jail building; that

plans and specifications were later prepared by such architects and submitted to the board and, December 5, 1947, such plans and specifications were approved; that December 12, 1947, the board authorized a call for bids for the new county jail; pursuant to said call and public notice thereof, bids were made and opened, considered and taken under advisement until January 21, 1948, at which time the following bids were accepted and approved by the board:

(a) The bid of H. J. McNeel, Inc., corporation, for general construction of the jail, in the sum of $112,768.36.

(b) The bid of Intermountain Plumbing Company for plumbing, in the sum of $9,684.

(c) The bid of Intermountain Plumbing Company for steam heating, in the sum of $11,094.

(d) The bid of Otis Elevator Company for the construction of an elevator, in the sum of $9,149

(e) The bid of Southern Prison Equipment Company for jail equipment, in the sum of $28,750.

(f) The bid of Intermountain Builders for construction and installation of the electrical work for said building was accepted by the board January 28, 1948, in the amount of $6,040.

Pursuant to the acceptance of such bids the board ordered that contracts be entered into between Canyon county and said successful bidders; accordingly contracts were entered into and later ratified by the board February 11, 1948.

February 16, 1948, by order of the board, a warrant was drawn on the "Jail Building Fund" by the county auditor for the sum of $6,500, payable to H. J. McNeel, Inc., general contractor, covering certain material furnished and labor performed in the construction of the jail, which warrant was presented to the county treasurer for payment and payment refused. Other warrants were also drawn payable to the Intermountain Plumbing Company, Southern Prison Equipment Company and Hummel, Hummel & Jones, respectively, presented for payment to the county treasurer and payment refused, because of threatened litigation against the county and against the said officers of the county personally and on their official bonds, which resulted in stopping the construction of the new jail, the commencement of an action against Canyon county and the then members of the board, and the bringing of this suit for a declaratory judgment on the validity of the proceedings of the board covering the matter of the construction of the new jail.

Before entering upon a discussion of the merits of the appeal in the instant case, we will consider and dispose of appellant's contention, "there is no justiciable issue" presented.

In support of that contention appellant cites and relies upon State v. State Board of Education, 56 Idaho 210, 52 P.2d 141, and Whitney v. Randall, 58 Idaho 49, 70

P.2d 384, 388. In the latter case it was pointed out there was "no disputed issue, no adversary controversy was tendered." We then quoted with approval our holding in State v. State Board of Education, supra:

"The Declaratory Judgment Act (chapter 70, 1933 Sess.Laws) contemplates some specific adversary question or contention based on an existing state of facts, out of which the alleged 'rights, status, and other legal relations' arise, upon which the court may predicate a judgment 'either affirmative or negative in form and effect.' Section 1 of Declaratory Act.

"The questioned 'right' or 'status' may invoke either remedial or preventive relief; it may relate to a right that has either been breached or is only yet in dispute or a status undisturbed but threatened or endangered; but, in either or any event, it must involve actual and existing facts. [Citing cases]"

▮ In the case at bar, it appears a grave question arose as to whether Canyon county by entering into contracts for the construction of a new jail thereby created debts in excess of revenues available for the year in which the contracts were made. And that, furthermore, as a result of the making of such contracts, numerous suits were threatened against the above named county officers, personally, as well as upon their official bonds, with the further result that payment of construction warrants was refused and construction of the new jail stopped. That, and other questions, together with the situation thus created, demanded judicial determination and clarification, bringing the instant case well within the requirements of our Declaratory Judgment Act. Hence, there is no merit in appellant's contention.

That brings us to a consideration of this appeal on its merits. We have patiently and exhaustively examined and studied the briefs of the respective parties, as well as the record on appeal. We find the record presents a question, the determination of which will be decisive of the controversy before us, and inasmuch as it would require many pages to discuss and dispose of the very numerous errors assigned and contentions made by appellant, which would, after all, serve no useful purpose, we will at once address ourselves to the consideration of that question. Did Canyon county by entering into the above mentioned contracts for the construction of a new jail incur indebtedness in excess of the revenues available for the year in which the contracts were made and the indebtedness incurred? If it is concluded it did not, then it will not be necessary to discuss any other question or contention.

We first direct attention to sec. 15 of article 7 of our constitution, wherein it is provided, so far as pertinent here:

[Sec. 15, art. 7] "The legislature shall provide by law, such a system of county finance, as shall cause the business of the

138

several counties to be conducted on a cash basis."

Then and by section 3 of article 8 it was provided:

[Sec. 3, art. 8] "No county, city, town, township, board of education, or school district, or other subdivision of the state, shall incur any indebtedness, or liability, in any manner, or for any purpose, exceeding in that year, the income and revenue provided for it for such year, without the assent of two-thirds of the qualified electors thereof voting at an election to be held for that purpose, nor unless, before or at the time of incurring such indebtedness, provision shall be made for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof, within twenty years from the time of contracting the same. Any indebtedness or liability incurred contrary to this provision shall be void: provided, that this section shall not be construed to apply to the ordinary and necessary expenses authorized by the general laws of the state."

 This court pointed out in Garrity v. Board of County Commissioners, 54 Idaho 342, 352, 34 P.2d 949, 953, that:

"In 1927 the Legislature made the first serious attempt to provide a system of county finances having for its purpose placing the several counties of the state on a cash basis, in direct response to the mandate of section 15 of article 7, supra.

From the experience obtained from the operation of the system of county finances provided for by earlier legislation, the Legislature, in 1931, enacted a most comprehensive County Budget Law. * * * The sole purpose of the County Budget Law is to provide such a 'system of county finances' that the business of the several counties shall be conducted on a *balanced budget,* and on sound business principles, and, as far as practicable, on the same basis that a successful private business is conducted, and that is likewise the purpose of section 15, supra. So that we find the Constitution and the County Budget Law in complete harmony."

Bearing in mind it was the intention and purpose of the legislature by the enactment of the County Budget Law to place and keep the counties of this state on a cash basis (not to put the counties in a straitjacket), and to that end prohibit the contracting of indebtedness in excess of revenues available for the year in which indebtedness might be contracted, in harmony with and as authorized by the above quoted sections of the constitution, we turn to the record. It shows without contradiction Canyon county had, at the beginning of the year 1948, the sum of $37,265.20 theretofore collected by the levy of a tax duly and regularly authorized for jail construction. The record likewise shows the county also had the sum of $63,000, unused, unencumbered and unexpended, in the current expense fund accumulated in the years 1944

and 1945. The record, in like manner, shows the county also had in such fund the sum of $132,130.36 unused, unexpended and unencumbered, accumulated during the years 1946 and 1947. The record further shows the debts contracted by Canyon county for the construction and furnishing of the new jail, did not, in fact, exceed the unused, unencumbered, and unexpended funds available for the payment of the indebtedness so contracted. In other words, Canyon county placed and kept itself on a cash basis. Hence, it did not incur any indebtedness or any liability contrary to sec. 3, article 8, supra.

The judgment is affirmed with costs to respondents.

GIVENS and PORTER, JJ., and SUTPHEN and McDOUGALL, District Judges, concur.