**277 P.2d 554**

**H. J. McNEEL, Inc., a corporation, Plaintiff-Appellant,**

**v.**

**CANYON COUNTY, State of Idaho, a legal subdivision of the State of Idaho; T. M. DeCoursey, Wm. J. Grant, and C. M. Van Slyke, duly elected or appointed, qualified and acting Commissioners of Canyon County, Idaho, Defendants-Respondents.**

**No. 8070.**

Supreme Court of Idaho.

Dec. 9, 1954.

Rehearing Denied Dec. 29, 1954.

C. Robert Yost, Pros. Atty., Caldwell, Arnold T. Beebe, Nampa, for respondents.

Gigray & Boyd, Caldwell, for appellant.

TAYLOR, Justice.

Following consideration of bids, the county (respondent) on January 20, 1948, entered into a written contract with the plaintiff (appellant) for the construction of a jail and office building. On March 3, 1948, after plaintiff had completed the excavation, poured most of the concrete footings, and had constructed the forms for the concrete foundation walls, certain residents of the county having questioned the legality of the proceedings leading to the execution of the contract, the commissioners by resolution cancelled a warrant which had been issued to the plaintiff for work done under the contract, and ordered the

county treasurer not to pay the same. With the approval of the commissioners, plaintiff discontinued work on the building, and an action was brought to determine the validity of the commissioners' proceedings. On March 11, 1949, this court held the proceedings valid. Iverson v. Canyon County, 69 Idaho 132, 204 P.2d 259.

Following that decision the county asked the plaintiff to proceed with the construction and was advised by plaintiff that he would require compensation over and above the amount provided by the contract to cover extra expenses and materials which would be required because of the delay. These extras include such items as increases in wage scales for labor, cleaning of steel on hand and additional steel, straightening of foundation forms which had become warped, and increased costs of other materials required to perform the contract. At the suggestion of the commissioners, the claim for extras was submitted to the architect and, after revision, was finally approved by him in the sum of $7,934.58. After several meetings with the commissioners, the plaintiff was advised that the board would not at that time approve its claim for the extras, because the board had not appropriated or budgeted any money for the payment of such a claim, and for that reason plaintiff would be required to procure an order from the district court for payment.

It is apparent from the record that the board did not dispute the justice of plaintiff's claim. Rather the commissioners questioned their authority to approve the claim, and wanted a court order to justify its payment. During the course of these negotiations the board ordered the plaintiff to resume construction and threatened it with legal action if it refused. The board further suggested to plaintiff that it first complete the job and then submit its claim, that the board would then deny it, thus furnishing plaintiff with an opportunity to present its claim to the court. Plaintiff then resumed construction. In July, 1950, the building having been completed, plaintiff again submitted its claim for the extras, which was denied by the board. This action was brought thereon.

In its complaint, the plaintiff alleges the making of the contract, its breach by the county in cancelling the warrant issued under the contract, the delay occasioned by the previous litigation, that during the negotiations following it was orally agreed that if plaintiff would resume construction, the county would reimburse it for its increased costs, and that by reason of the oral agreement, plaintiff is entitled to recover the amount of agreed additional costs.

In its answer the county denies generally, and affirmatively alleges that the plaintiff knew or should have known that no appropriation had been made by the board to pay for any extra costs, and that any discussion or agreement was required by law to be spread upon the minutes of the meeting of the board, and that no minute

entry was made of any agreement or proceedings of the board authorizing or agreeing to pay any damages or additional costs by reason of the delay.

At the close of plaintiff's case, the trial court entered a judgment of nonsuit, from which this appeal is prosecuted.

Appellant assigns as error the holding of the court that the evidence fails "to disclose that a contract, either express or implied, could be entered into by the county through its commissioners". Respondent contends that plaintiff having pleaded and prosecuted its action upon an express contract, cannot now on appeal urge a right to recover on implied contract.

The record discloses that oral arguments and written briefs were submitted to the trial court upon the issue of nonsuit. But, since such arguments and briefs are not before us, we are not advised whether plaintiff urged the theory of implied contract upon the trial court. The judgment does disclose that the court expressly ruled upon the question as above quoted, although the judgment itself is based upon a want of facts to show an oral agreement.

■ In support of its position the respondent cites: Milner v. Earl Fruit Co., 40 Idaho 339, 232 P. 581; French v. Tebben, 53 Idaho 701, 27 P.2d 474, 475; Shepherd v. Dougan, 59 Idaho 465, 83 P.2d 468; Wormward v. Taylor, 70 Idaho 450, 221 P.2d 686; Neff v. Hysen, 72 Idaho 470, 244 P.2d 146; Lonsdale v. J. A. Migel,

Inc., 222 App.Div. 197, 225 N.Y.S. 593. These are cases in which the theory, cause, or defense urged on appeal was either not pleaded or was inconsistent with the theory pursued below. There is no inconsistency between express and implied contract. Where a plaintiff pleads an express contract, but by proof establishes facts sufficient to support only an implied contract, he may recover upon the implied contract, in the absence of surprise or prejudice to the defense. 17 C.J.S., Contracts, § 569.

In Addy v. Stewart, 69 Idaho 357, 207 P.2d 498, 501, we said:

"In this state distinctions between actions at law and suits in equity, and the forms of actions and suits, are prohibited. Const. Art. 5, Sec. 1. Pleadings are liberally construed. I. C. 5–801, Fox v. Cosgriff, 64 Idaho 448, 133 P.2d 930. A statement of cause in ordinary and concise language is all that is required. I.C. 5–605. Relief will be granted in any case where the pleading and proof entitle the plaintiff to any relief whether legal or equitable." (Cases cited.)

In Sarvis v. Childs Bond, etc., Co., 49 Idaho 79, at page 86, 286 P. 914, at page 916, Sturtevant v. Fiss, etc., Horse Co., 173 App.Div. 113, 159 N.Y.S. 399, was quoted as follows:

" 'The law is well settled that, where an action is brought upon a special contract of employment, a recovery may be had upon a quantum meruit

when the special promise is not established, but the evidence does, in fact, show the rendition of services under circumstances which imply an agreement to pay therefor.' "

The issue was finally put to rest in this jurisdiction in Cook v. Saltzer, 74 Idaho 97, at page 100, 257 P.2d 228, at page 229, where Mr. Justice Givens said:

"In a suit on an express contract for work and labor, where the work has been fully performed and only payment pends, recovery may be had as on an implied contract on quantum meruit if the evidence fails to show the express contract, but does sustain an implied contract." (Authorities cited.)

 Here the facts are fully set out in the complaint, and are sufficient, without the allegation of an express oral agreement, to state a cause of action on implied contract. Hence there could be no material variance. 71 C.J.S., Pleading, § 534; Cooley v. Frank, 68 Wyo. 436, 235 P.2d 446. In such case it is hardly possible to show surprise or prejudice, and none is claimed.

Cases dealing with the issue of "Liability of municipality or other governmental body on implied or quasi contract for value of property or work" are collected and annotated in 84 A.L.R. 936, 110 A.L.R. 153, and 154 A.L.R. 356. The rules generally accepted are stated in volume 84 as follows:

"The rule is well settled in most jurisdictions that a municipality, or other political subdivision, may become obligated upon implied contract to pay the reasonable value of benefits accepted or appropriated by it as to which it has the general power to contract." 84 A.L.R. at page 937.

"It is a general rule that, even though there was no express contract nor any formal contract, a municipality, or other governmental body, is liable upon an implied contract for any property or benefits received or appropriated by it under such circumstances as to lead to the inference that payment was intended by the parties, or such that, in justice and equity, compensation should be made for benefits voluntarily accepted, provided such property or benefits would be the proper subject of an express contract, and within the contractual powers of such municipal corporation." 84 A.L.R. at page 973.

Although perhaps dictum in that case, the principle was recognized by this court in Ada County v. Bullen Bridge Co., 5 Idaho 188, at page 193, 47 P. 818, at page 824, 36 L.R.A. 367.

In Village of Heyburn v. Security S. & T. Co., 55 Idaho 732, at page 751, 49 P.2d 258, at page 267, Mr. Justice Ailshie

quotes Judge Beatty in Gillette-Herzog Mfg. Co. v. Canyon County, C.C., 85 F. 396, on the subject of void and voidable public contracts, as follows:

" 'The distinction between the two classes of cases is that when there is authority to make the contract, but some irregularity has occurred in its provision for payment or any other irregularity, which does not turn upon the power to make it, and a corporation has received the benefit of work done, it may be compelled to pay for it; but, when the contract is absolutely and directly prohibited by some statutory or constitutional enactment, the contract is void, and it cannot be enforced either as an express or implied contract; * * *.' "

 In the case before us it is not seriously urged that the county board did not have power to make a contract with plaintiff to pay for the extra costs involved. The express statutory authority to build the jail, § 31–1001, I.C., carries with it the power to pay all necessary costs. The contention in that respect is that no budget appropriation had been made therefor. The budget law is not intended to deny to the commissioners powers given by other statutes. It is intended to prescribe proceedings and controls for the exercise of such powers, as they affect the management of the fiscal business of the county. The budget is the creature of, and controlled by, the board. §§ 31–1604, 31–1605,

I.C. If, in 1950, the commissioners did not see fit to anticipate this expense either directly or by way of the " 'general reserve appropriation'," § 31–1605, I.C., they had the power to do so. If they doubted the legality of the claim it was their privilege, and duty, to deny it, and await court action thereon. The provision in § 31–1607, I.C., that no warrant shall issue or claim be approved for an expenditure in excess of the budget appropriations, "except upon an order of a court of competent jurisdiction", indicates that the budget law was not intended to control the courts. Under identical provisions California and Washington have held that the courts may order the payment of valid claims against the county though not provided for in the budget. Niceley v. Madera County, 111 Cal.App. 731, 296 P. 306; Barry v. Glenn County, 42 Cal.App.2d 76, 108 P.2d 81; H. S. Crocker Co. v. Lake County, 44 Cal. App.2d 187, 112 P.2d 36; Association Collectors v. King County, 194 Wash. 25, 76 P.2d 998.

 The board having the power to make an express contract, the county can be held liable on the theory of an implied contract, where justice and equity so require. Prothero v. Board of Com'rs, 22 Idaho 598, 127 P. 175; General Hospital v. City of Grangeville, 69 Idaho 6, 201 P.2d 750; Strong & MacDonald v. King County, 147 Wash. 678, 267 P. 436; Armstrong v. City of Seattle, 180 Wash. 39, 38 P.2d 377, 97 A.L.R. 826; Hailey v.

King County, 21 Wash.2d 53, 149 P.2d 823, 154 A.L.R. 351; U. S. Rubber Products v. Town of Batesburg, 183 S.C. 49, 190 S.E. 120, 110 A.L.R. 144; 14 Am.Jur., Counties, § 40. The delay was caused by the action of the board and other residents of the county, and is not chargeable to the plaintiff. The extra costs were necessarily incurred in performance of the written contract. As to the forms, the record shows the architect directed plaintiff to straighten and repair them before the foundation was poured. The plaintiff was in no sense a volunteer. It was considered bound by its contract, directed by the board to resume construction, and threatened with suit if it refused. The county has accepted and received the benefits of the extra costs incurred by plaintiff. No constitutional or statutory inhibition is violated by the contract sued upon as was the case in Meller v. Board, etc., of Logan County, 4 Idaho 44, 35 P. 712; Bannock County v. C. Bunting & Co., 4 Idaho 156, 37 P. 277; Hampton v. Board of Com'rs of Logan County, 4 Idaho 646, 43 P. 324; McNutt v. Lemhi County, 12 Idaho 63, 84 P. 1054; Deer Creek Highway Dist. v. Doumecq Highway Dist., 37 Idaho 601, 218 P. 371; Mittry v. Bonneville County, 38 Idaho 306, 222 P. 292; Village of Heyburn v. Security S. & T. Co., 55 Idaho 732, 49 P.2d 258; General Hospital v. City of Grangeville, 69 Idaho 6, 201 P.2d 750; Miller v. McKinnon, 20 Cal.2d 83, 124 P.2d 34, 140 A.L.R. 570. Nor is this a case where the contract declared upon was made by an officer having no authority to contract for the county. Castle v. Bannock County, 8 Idaho 124, 67 P. 35; Tate v. Johnson, 32 Idaho 251, 181 P. 523; Clayton v. Barnes, 52 Idaho 418, 16 P.2d 1056; Magoon v. Board of Com'rs, 58 Idaho 317, 73 P.2d 80.

■ The plaintiff made a prima facie case for recovery against the county on an implied contract to pay the reasonable value of what it received for the extra costs necessarily incurred by plaintiff as a result of the delay.

The defense not having been heard, a new trial is required. For that reason we do not by inference or otherwise approve or disapprove any of the items of the claim.

The judgment is reversed and a new trial ordered. Costs to appellant.

PORTER, C. J., and GIVENS, J., concur.

KEETON, Justice (dissenting).

It is my opinion the judgment should be affirmed. I agree with the statement of the learned district judge "that the evidence failed to disclose that a contract, either express or implied, could be entered into by the county through its commissioners".

Powers of boards of county commissioners are limited by Art. 8, Sec. 3, Con-

82

stitution of Idaho, and have only such power as the legislature may constitutionally confer. If the board of county commissioners could not enter into the contract in question, it must be plainly apparent that the district judge, or any other court or judge, had no power to validate an illegal act. It appears from reading the transcript that the commissioners and plaintiff knew such a contract could not be entered into, and none was. One dealing with municipal officials in their official capacity is bound to know the limitations of such officials to act, particularly in contractual matters. Counties cannot be bound by understandings or impressions of officials or those dealing with the governing board of such municipality.

Further the board in this case never at any time acted in its capacity as a board respecting the matter in controversy. They met, talked, but took no affirmative action which was recorded in the minutes of proceedings or otherwise.

Officials cannot bind the future generation with an indebtedness except by a vote of the people, or as is otherwise specifically authorized by law.

There seems to have been some tacit understanding that the bill for extras would be presented to the district court for approval or disapproval. The district court rightly disapproved. The judgment should be affirmed.