493 P.2d 395

**BONNEVILLE COUNTY, Idaho, a Political Subdivision of the State of Idaho, Plaintiff-Appellant,**

v.

**Lester G. HOPKINS and Western Surety Company, a corporation, Defendants-Respondents.**

No. 10871.

Supreme Court of Idaho.

Jan. 25, 1972.

Seward H. French, Pros. Atty., Idaho Falls, for appellant.

St. Clair, St. Clair, Hiller & Benjamin, Idaho Falls, for appellee.

McQUADE, Chief Justice.

There are no facts of record in this case since the defendants' response to plaintiff's complaint was a defense made in the form of a motion to dismiss as provided by Rule 12(b) I.R.C.P. which motion was granted in part by the trial court. The factual background for this case is therefore limited to the allegations in the complaint.

The complaint alleges that defendant-respondent Hopkins, a former sheriff of Bonneville County, Idaho, had incurred liabilities in excess of his budget appropriation for 1969. The complaint also alleges that there were receipts unaccounted for from the driver's license department which is part of the responsibility of the sheriff's office. The excess was allegedly found as a result of an independent audit requested by the county after the sheriff resigned before completing his term. The audit showed the excess of liabilities incurred over the sheriff's budget appropriation for 1969 was $2,817.40. The audit also indicated that $251.14 in receipts from the sheriff's operation of the driver's license department had not been accounted for.

The complaint further alleges that the sheriff was duly bonded, as required by law of such county officers, by the Western Surety Company. One of the conditions of the bond was that the sheriff or principal faithfully perform all of the official duties imposed upon him by law.

Plaintiff complained that one of those duties imposed upon the sheriff by law was to refrain from incurring liabilities in excess of budget appropriations or be personally liable, as allegedly required under I.R. C.P. § 31–1607.

Defendants' response to the above complaint was a defense in the form of a motion to dismiss under Rule 12(b) I.R.C.P. The motion was made on two grounds. First, that the complaint failed to state a cause of action against either of the defendants upon which relief could be granted [Rule 12(b) (6)]. Second, that the

action was premature and improper in that there was at that time before the court a petition requesting affirmative action on the part of the Bonneville County Commissioners regarding procurement of a court order authorizing that sufficient county funds be made available to the Commissioners for payment of such legitimate expenditures as may be determined. [Rule 12(b) (8)].

After hearing arguments of counsel (not made part of the record) the trial court granted defendant Hopkins' motion to dismiss as to incurred liabilities in excess of his departmental budget appropriations for the year 1969 in the amount of $2,817.40. The trial court denied the motion to dismiss as to the sum of $251.14 for receipts unaccounted for in the operation of the driver's license department.

The plaintiff county has appealed to this Court with the sole assignment being the failure of the trial court to overrule (deny) the whole of defendants-respondents' motion to dismiss Plaintiff's Complaint.

The trial court noted in its memorandum decision that there was a companion case arising out of the same set of facts, on file in that court wherein the district court's approval was being sought for expenditures which had been previously made. That case was In the Matter of the Application of Lester G. Hopkins, Petitioner, No. 17813.

The trial court granted defendants' motion as to the $2,817.40 on the basis that the plaintiff's complaint failed to state a cause of action. The trial court relied primarily on the case of Association Collectors, Inc. v. King County, 194 Wash. 25, 76 P.2d 998 (Wash.1938). The trial court stated that a reading of *Association Collectors, Inc.* would indicate wherein it deemed plaintiff's complaint in the case at bar to be defective. Later in his memorandum decision, the trial court more specifically states that *Association Collectors, Inc.* sets forth how the pleading in such a case must be framed.

Although the county was being sued by creditors of the sheriff in *Association Collectors, Inc.*, the reasoning of that case is nevertheless persuasive due to the close similarity of the Washington Statutes with our own. In holding the county liable for the excess expenditures of the sheriff, the Washington Court has relied heavily upon the Emergency Expenditure Statute, Rem. Rev.Stat. § 3997–6, and the words " * * or to meet mandatory expenditures required by any law * * *" (*Association Collectors*, p. 1001) which is similar to I.C. 31–1608.

The Washington Court held that the county was liable for such claims for goods sold to the sheriff for upkeep of the jail as were clearly proven to have been based upon furnishing of goods which were indispensable to carrying on the county's governmental functions, notwithstanding that the expenditures were in excess of budget appropriations. The key for holding the county versus the sheriff liable was showing that expenditures " * * * were not only reasonable in amount but incurred for things which were *indispensably* required for the discharge of the county's governmental function."

■ The complaint in the case at bar was defective in that it did not allege the expenditures were unreasonable in amount and did not allege the expenditures were not indispensably required for the discharge of the county's governmental functions.

■ Such a pleading requirement is not contained in I.C. § 31–1607. Nevertheless, I.C. § 31–1607 cannot be read separately from the rest of the Code and absolutely as appellants would have us do. "As a species of *reductio ad absurdum*," the following example of appellant's contention was given in *Association Collectors*:

"[at that point in time when the sheriff's liabilities incurred exceeded his budget appropriation] * * * was it the legal duty of the sheriff to release his prisoners; to starve them; or to feed them?"

I.C. § 31–1607 itself contains the following exception:

" * * * the county commissioners shall approve no claim for any expenditure in

excess of said budget appropriations * * * except upon an order of a court of competent jurisdiction, or for emergencies as hereinafter provided." [Referring to I.C. § 31–1608, discussed supra.]

I.C. § 31–1509 states:

"* * * an appeal may be taken from any act, order or proceeding of the board [of county commissioners], by any person aggrieved thereby * * *."

Hopkins stated in his motion to dismiss that there was at that time pending before that court a petition requesting affirmative action on the part of the Bonneville County Commissioners regarding procurement of a court order authorizing that sufficient county funds be made available to the Commissioners for payment of such legitimate expenditures as may be determined. This Court has stated that:

"The provision in § 31–1607, I.C., that no warrant shall issue or claim be approved for an expenditure in excess of the budget appropriations, 'except upon an order of a court of competent jurisdiction,' indicates that the budget law was not intended to control the court. Under identical provisions California and Washington have held that courts may order the payment of valid claims against the county though not provided for in the budget." [citing, among others, *Association Collectors, supra*]. H. J. McNeel, Inc. v. Canyon County, 76 Idaho 74, 80, 277 P.2d 554, 557 (1954).

Therefore we conclude that the motion to dismiss was properly granted first on the ground that the plaintiff's complaint did not properly frame the issues and secondly that the companion case involving the same parties and same set of facts should have been determined by the court prior to the bringing of this case.

Judgment affirmed, costs to respondents.

McFADDEN, DONALDSON, JJ., and MAYNARD and ANDERSON, D. JJ., concur.